GROTH, Plaintiff, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant: MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY, Defendant and Appellant: UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant and Respondent.

BLATTNER, by Guardian *ad litem,* Plaintiff, v. Same Appellant and Respondent.

*November 1—November 26, 1963.*

For the appellant there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

For the respondent there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *E. L. Everson.*

CURRIE, J. The issue on this appeal is whether either Milwaukee Auto or U.S.F.&G. is entirely liable under its policy for the amounts paid in settlement to the two plaintiffs, or whether each must bear a *pro rata* portion thereof under the "other insurance" clauses of the two policies.

The Milwaukee policy issued to plaintiff Groth contains the following "other insurance" provision:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, under coverages A and B the insurance with respect to temporary substitute automobiles under insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."

A similar provision is found in the policy issued by U.S. F.&G. to defendant L. B. Graff:

"If the Insured has other insurance against a loss covered by Part 1 of this policy the Company shall not be liable under this policy for a greater proportion of such loss than the

applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The Milwaukee Auto policy contained an insuring clause which is in compliance with sec. 204.30 (3), Stats., commonly referred to as the "omnibus coverage statute." [1] Under this clause both L. B. Graff and his minor son, Thomas Graff, were assureds within the insuring clause of this policy. Thomas Graff was an additional assured because, at the time of the accident, he was operating the insured automobile with the permission of plaintiff Groth, the named assured. L. B. Graff was an additional assured inasmuch as he was "legally responsible for the operation" of the insured automobile, since he had signed as sponsor for his son's application for a driver's license pursuant to sub. (1) of sec. 343.15.[2] Sub. (2) of this same section provides that

[1] This statute provides in part as follows: "No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant, such permission in both cases to be deemed permission without regard to s. 343.45 (2) or to whether the riding, use or operation is authorized by law; . . ."

[2] This statute provides in part: "The application of any person under 18 years of age for a license shall be signed and verified before a person duly authorized to administer oaths, by the applicant's father, if he has custody of the applicant; . . ."

any negligence of a person under eighteen years of age while driving a motor vehicle upon the highways "is imputed to the person who signed the application for such person's [the minor's] license."

The liability imposed by sec. 343.15 (2), Stats., has been held by this court to be a direct statutory one and not the result of contract. *Behringer v. State Farm Mut. Automobile Ins. Co.* (1957), 275 Wis. 586, 595, 82 N. W. (2d) 915. Milwaukee Auto contends that where the liability for the operation of a motor vehicle is thus imposed by statute, as is the sponsorship liability of L. B. Graff, this court should construe the statutory words "legally responsible for the operation of such automobile" appearing in sec. 204.30 (3), Stats., as excluding liability imposed by statute as distinguished from that created by contract or arising out of an agency, partnership, or joint-venture relationship. There are two reasons why we decline to adopt such a restrictive interpretation of this provision of the omnibus coverage statute. First, it would do violence to the plain and ordinary meaning of the statutory language. Second, such an interpretation runs counter to the legislative policy in enacting the omnibus coverage statute of increasing rather than narrowing coverage. Cf. *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 84 N. W. (2d) 84.

The excess-coverage portion of the aforequoted "other insurance" clause of Milwaukee Auto's policy has no application to the instant fact situation, because this excess-coverage provision is expressly confined to temporary substitute automobiles or automobiles other than the insured vehicle.

We turn now to the "other insurance" clause of the U.S. F.&G. policy. It is conceded that the coverage of that policy, insuring L. B. Graff, would apply to the instant accident. However, because the instant accident did not involve the vehicle described by that policy, the excess-coverage por-

tion of the "other insurance" clause of this policy is applicable. This is because the vehicle operated by Thomas Graff was a "nonowned" automobile within the meaning of that clause.

Inasmuch as the excess-coverage provision of the U.S. F.&G. policy conflicts with the proration provision of the "other insurance" clause of the Milwaukee Auto policy, the former controls and Milwaukee Auto is not entitled to be reimbursed from U.S.F.&G. for any moneys it paid in settlement to the two plaintiffs. This court in *Lubow v. Morrissey* (1961), 13 Wis. (2d) 114, 123, 108 N. W. (2d) 156, determined that where there is a conflict between the proration clause of one policy and the excess-coverage clause of another policy, the conflict is resolved by holding that the proration clause must be applied as if the insurance provided by the policy, whose excess-coverage clause is applicable, were not available to the insured. See also *Citizens Mut. Automobile Ins. Co. v. Liberty Mut. Ins. Co.* (6th Cir. 1959), 273 Fed. (2d) 189, 193, and *Continental Casualty Co. v. Transportation Indemnity Co.* (1962), 16 Wis. (2d) 189, 196, 197, 114 N. W. (2d) 137.

*By the Court.*—Judgments affirmed.