STATE EX REL. David H. FOUNTAIN, Cletus G. Glaser, Gerald M. Vande Loo and Sylvester J. Kaster, Petitioners-Respondents,

v.

CITY OF GREEN BAY, a municipal corporation, Defendant-Appellant.†

Court of Appeals

*No. 81–812. Submitted on briefs November 2, 1981.— Decided December 22, 1981.*
(Also reported in 314 N.W.2d 904.)

For the appellant the cause was submitted on the brief of *James A. Simmonds,* city attorney, and *Mark A. Warpinski,* assistant city attorney, of Green Bay.

For the respondents the cause was submitted on the brief of *Davis, Soquet, Cherney & Wanezek* of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. The City of Green Bay appeals from a circuit court order setting aside a board of review tax

† Petition to review denied.

assessment. The city assessor determined that David Fountain's property should have been assessed at $150,600 for the 1979 tax year. By an error in computation, the 1978 and 1979 assessments were $55,600. Relying upon sec. 70.43, Stats., Green Bay assessed the property in 1980 at $150,600, plus $95,000. The $95,000 addition was intended to recoup the taxes lost as a result of the 1979 assessment error. Fountain complied with the statutory requirements for objecting to the assessment and appeared at the 1980 board of review. He agreed to the $150,600 assessment, but objected to adding $95,000 to recover the 1979 lost taxes.

The board of review, relying on the assessor's testimony, confirmed the assessment of $245,600 for the year 1980 by considering that amount to include a correction of the error made in 1979. On certiorari review, the circuit court determined that the board of review erroneously decided that the assessor had the authority under sec. 70.43 to add the $95,000 to recoup taxes lost for the year 1979. It concluded that the board of review, by approving an assessed valuation of $245,600, did not perform its statutory duty in reviewing the assessment to reflect the true market value and, therefore, set aside the assessment. On appeal from the circuit court's order, Green Bay raises the following issue: Does sec. 70.43 permit the assessor to add to the true valuation of real estate an amount erroneously deleted in the preceding year in order to recoup the lost taxes for that preceding year? We agree with the circuit court that it does not.

Section 70.43, Stats., reads:

Correction of errors by assessors. If any assessor shall discover that any error was made in any assessment roll during the preceding year, by which the valuation of any real or personal estate subject to taxation was increased or reduced from the true assessed valuation thereof, he shall correct such error by adding to or subtracting from,

as the case may be, the valuation of such property on his assessment roll as fixed by him, the amount omitted from or added to the true assessed valuation in consequence of such error and make a marginal note of such correction, and the result shall be taken as the true valuation of such property for the latter year and a final correction of such error.

The interpretation of sec. 70.43 is one of first impression in the appellate court. The supreme court explained the standard of review for certiorari proceedings involving assessments of real estate in *State ex rel. Kenosha Office Building Co. v. Herrmann,* 245 Wis. 253, 257, 14 N.W.2d 157, 158 (1944) :

[I]t is no function of the trial court on *certiorari* to make an assessment of the property, or to order an assessment to be entered on the assessment or tax roll at any fixed sum. The sole function of the trial court is to set aside the assessment if it finds upon the undisputed evidence before the board that it has not been fixed upon the statutory basis.

In *State ex rel. Mitchell Aero, Inc. v. Board of Review,* 74 Wis. 2d 268, 281–82, 246 N.W.2d 521, 528 (1976), the supreme court held that failure to make the assessment on the statutory basis is an error of law and correctable by the courts on certiorari.

Green Bay argues that the assessor may correct a mechanical or objective error as opposed to a subjective error. Here, the parties agree that the error occurred as a result of miscalculating the building's size. Green Bay continues to argue that the assessor is required to take the discovered error and add it to or subtract it from the present true assessed valuation. Without this procedure, it claims that a municipality would be deprived of the right to recover lost taxes for the preceding year because of a mechanical error in computing the property tax.

■

Fountain submits that the assessment method utilized by the assessor and approved by the board of review is without statutory authorization and, consequently, is an error of law appropriately set aside by the circuit court.

This court has consistently applied two fundamental rules of construction to the imposition language of taxing statutes: (1) when statutory language is clear and unambiguous no judicial rule of construction is permitted, and the court must arrive at the intention of the legislature by giving the language its ordinary and accepted meaning; and (2) a tax cannot be imposed without clear and express language for that purpose, and where ambiguity and doubt exist, it must be resolved in favor of the person upon whom it is sought to impose the tax. *Wisconsin Dep't of Revenue v. Milwaukee Refining Corp.*, 80 Wis. 2d 44, 48–49, 257 N.W.2d 855, 858 (1977).

When a statute is plain and unambiguous and its terms are clear and unmistakable, there is no room for judicial construction. *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 209, 260 N.W.2d 251, 253 (1977).

Green Bay would like us to construe sec. 70.43 as creating an express right to recoup an assessment that was undervalued in the preceding year. This interpretation would require an assessor to intentionally assess real property at an inflated value for one year in order to adjust the preceding year's underassessment.

■

Under the general scheme of property taxation, however, sec. 70.32, Stats., mandates that the assessor assess all real property at its full market value. We determine the language of sec. 70.43 to provide that if an assessor discovers any error made in the assessment roll during the preceding year, he shall add to or subtract from such valuation the amount needed to correct such error. It directs the assessor to make a marginal note of such

correction, and the result shall be taken as the true valuation of the property for the *latter* year and a final correction of such error.

The statute's language is clear and unambiguous. Under these facts, the assessor, upon discovering the miscalculation, was required to correct the 1979 valuation by adding the omitted $95,000 to the $55,600 in order to show a true valuation of $150,600. The statute is absolutely silent as to any authorization for the recapture of additional taxes in the following year. The statute simply provides a procedure for an administrative correction in the present year's tax roll. Obviously, the statute has no application to the current year and cannot be construed as requiring the assessor to again add the amount to the then corrected valuation. That would be contrary to the assessor's obligation under sec. 70.32 to assess property "at the full value which could ordinarily be obtained therefor at private sale." Had the legislature intended to allow the collection of undervaluated assessments, it would have provided a similar recapture provision as stated in sec. 70.44, which allows for the collection of taxes in cases of omitted property.

The legislature had good reasons for not allowing recapture of taxes due to undervaluation or overvaluation of property during the preceding year. As the circuit court correctly reasoned, there must be some finality in taxation. While it is important that a municipality collect all legal taxes, it is also important that a taxpayer, having paid his property taxes, know that his property is free from any further tax claim for prior years. In addition, it is crucial that a person purchasing real property be able to rely upon the tax records showing payment of taxes in full for the prior year. *E. K. Wood Lumber Co. v. Whatcom County,* 104 Pac. 2d 752, 756 (Wash. 1940) ; *State v. R. C. Jones & Co.,* 35 Pac. 2d 908, 910 (Okla. 1934). Also, the tax rate for the following year may be

higher, resulting in a property tax different from that intended to be recouped.

The present case is a good example of why there must be some finality and why a purchaser must be entitled to rely on the tax records. Fountain purchased the property in 1979. The property taxes were prorated based upon the 1978 assessment, which was the same as the 1979 assessment. The effect of adding $95,000 to the 1980 assessment is to make it impossible for the buyers to recoup the prorated share of taxes based upon an error made by Green Bay.

Green Bay refers us to sec. 70.57(1), as a similar statute that has been interpreted as creating a right to recover undervalued assessment from a preceding year. But an examination of the statute shows that the legislature expressly intended such a recapture. Section 70.57 (1) provides in pertinent part:

[W]here the department, through mistake or inadvertence, has assessed to any county a greater or less valuation for any year than should have assessed to such county, it shall correct such error by adding to or subtracting from (as the case may be) the valuation of such county as determined by it *at the next succeeding county assessment,* the amount omitted from or added to the true valuation of such county in the former county assessment in consequence of such error, and the result shall be taken as the full value of such county for the latter year and a final correction of such error.

Here, the legislature expressly authorizes the Department of Revenue to overvalue the assessment in the succeeding year. In sec. 70.43, the legislature does not express such an authorization.

Accordingly, we agree with the circuit court that without an express legislative mandate, the clear and unambiguous language of sec. 70.43 does not support Green Bay's suggested recapture procedure. Consequently, the

assessment method used was without statutory basis, and the board of review's action is an error of law.

*By the Court.*—Order affirmed.