Wisconsin DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

Edwin F. GORDON, Respondent.

Court of Appeals

*No. 84–1105. Submitted on briefs August 26, 1985.—Decided October 22, 1985.*
(Also reported in 377 N.W.2d 212.)

For the appellant there were briefs by *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

For the respondent there was a brief by *Thomas J. Donnelly* and *David D. Wilmoth,* of Milwaukee.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J. The Wisconsin Department of Revenue appeals a judgment holding that sec. 71.043(2), Stats., permits a sales and use tax credit to be taken against personal income tax. The department contends that the tax credit is available only to corporations. Because we conclude that sec. 71.043(2) does not limit the tax credit to corporations, the judgment is affirmed.

Edwin F. Gordon filed a 1979 nonresident tax return reporting Wisconsin net taxable income of $316,419.36 and a net tax of $30,051.94. Gordon's 1979 income in-

cluded $473,298.11 generated by his 100% share of the income of Geuder, Paeschke and Fey Company (GPF), a tax-option corporation[1] in which Gordon owned all outstanding stock. On his personal income tax return, Gordon claimed a tax credit of $26,945.83 based on sales taxes paid by GPF. The department disallowed the full amount of the tax credit claimed. On appeal, the Wisconsin Tax Appeals Commission reversed, and the circuit court affirmed the decision and order of the commission.

The sole issue in this case is whether a taxpayer who is the only shareholder in a Wisconsin tax-option corporation is entitled to claim the tax credit allowed under sec. 71.043(2) on his personal income tax return. The application of a statute to a set of facts is a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis.2d 408, 417, 280 N.W.2d 142, 146–47 (1979). When the facts are undisputed and only a question of law is at issue, this court owed no deference to the findings of the Tax Appeals Commission or the circuit court. *Department of Revenue v. Milwaukee Brewers Baseball Club,* 108 Wis.2d 553, 556, 322 N.W.2d 528, 529 (Ct. App. 1982).

Section 71.043(2) provides in pertinent part that "the tax imposed upon or measured by corporation net income . . . pursuant to s. 71.01(1) or (2) may be reduced by an amount equal to the sales and use tax under ch. 77 paid by the corporation." When statutory language is clear and unambiguous this court may not resort to judicial rules

---

[1] A tax-option corporation is a corporation that has elected and qualified to be taxed under subchapter S of the Internal Revenue Code. Section 71.02(1)(f), Stats. To qualify for subchapter S status, a corporation must: (1) be a domestic corporation; (2) not own or be a subsidiary of another corporation; (3) have less than 35 shareholders; (4) have only individuals as shareholders (except for estates and certain trusts); (5) not have any nonresident alien shareholders; and (6) not have more than one class of stock. I.R.C. § 1361(b)(1) (1984).

73

of construction, and must arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *Department of Revenue v. Milwaukee Refining Corp.*, 80 Wis.2d 44, 48, 257 N.W.2d 855, 858 (1977). The language of sec. 71.043(2) is unambiguous. It provides that tax measured by corporation net income can be reduced by the amount of the tax credit. Since Gordon owns 100% of the stock of a tax-option corporation, a portion of his personal income tax liability is measured by corporation net income. Therefore, we hold that the portion of Gordon's personal income tax that is measured by the net income of the tax-option corporation can be reduced by an amount equal to the corporation's tax credit under ch. 77, Stats.

*By the Court.*—Judgment affirmed.