# L & W CONSTRUCTION COMPANY, INC.,
Petitioner-Appellant,

v.

# Wisconsin DEPARTMENT OF REVENUE,
Respondent.

Court of Appeals

*No. 88–1524. Argued March 2, 1989.—Decided March 22, 1989.*

(Also reported in 439 N.W.2d 619.)

On behalf of the petitioner-appellant, there were briefs and oral argument by *David D. Wilmoth,* of *Quarles & Brady* of Milwaukee.

On behalf of the respondent, there was a brief by *Donald J. Hanaway,* attorney general and *Alan Lee,* assistant attorney general. There was oral argument by *Mr. Lee.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   L & W Construction Company, Inc. (L & W) appeals from a judgment confirming a determination by the Wisconsin Tax Appeals Commission that the Wisconsin Department of Revenue correctly denied L & W a sales tax reduction in its franchise income tax pursuant to sec. 71.043(2), Stats. (1985–86),[1] for the tax year 1983. L & W argues that it is entitled to the tax credit under the "aggregate theory" of partnership law. We conclude that the statute does not permit a corporation to claim an income tax reduction for sales and use tax paid by a partnership in which the corporation is a general partner. Instead, we hold that the income tax reduction under sec. 71.043(2) is only available to corporations that directly pay such sales and use taxes. Therefore, we affirm the judgment.

The case presents stipulated facts. L & W is a corporate general partner in two Wisconsin partnerships. L & W owns a one-half partnership interest in North Lake Sand & Gravel Co. (North Lake) and a one-third partnership interest in Standard Asphalt Products (Standard Asphalt). For tax year 1983, the partnerships each paid the cost, plus sales and use tax, of fuel and electricity used in their manufacturing processes. Each partnership deducted the amount of this sales and use tax in calculating partnership income or loss. Standard Asphalt reported a loss and North Lake reported a profit for tax year 1983.

L & W filed a 1983 corporate income tax return reporting its distributive share of the partnerships'

[1] Section 71.043(2), Stats. (1985–86), was amended by sec. 1273k, 1987 Wis. Act 27, which was then repealed and recreated by sec. 2, 1987 Wis. Act 312. The provisions of sec. 71.043(2), Stats. (1985–86), are not contained in secs. 71.28(3)(b) and 71.47(2b)(b), Stats., effective January 1, 1989. All references in this opinion to sec. 71.043(2) are to sec. 71.043, Stats. (1985–86).

income or loss.[2] L & W claimed a tax reduction credit pursuant to sec. 71.043(2), Stats., based on its distributive share of the sales and use taxes paid by North Lake and Standard Asphalt. L & W also claimed a similar tax reduction credit based on the amount of sales and use taxes related to its own manufacturing activities. The Wisconsin Department of Revenue disallowed the amount of the claimed sales tax credit attributable to the partnerships. Both the Wisconsin Tax Appeals Commission and the circuit court affirmed this determination. L & W appeals.

The sole issue in this case is whether a corporate taxpayer which is a general partner in a partnership is entitled to claim the corporate tax credit allowed for the sales and use tax paid by the partnership. Section 71.043(2), Stats., states in relevant part:

> **(2)** The tax imposed upon or measured by corporation net income ... may be reduced by an amount equal to the sales and use tax under ch. 77 *paid by the corporation* in such taxable year on fuel and electricity consumed in manufacturing tangible personal property in this state. [Emphasis added.]

As noted, both parties have stipulated to the facts. L & W does not dispute that the contested sales and use taxes were paid out of partnership funds. However, L & W argues, under the "aggregate theory" of partnership law, that L & W has "paid" a portion of these partnerships' sales taxes based on its ownership interest. Therefore, L & W argues that it is entitled to claim this amount as a tax credit under sec. 71.043(2), Stats.,

---

[2]Partnerships are not required to file income tax returns in the name of the partnership. Sec. 71.02, Stats. Rather, the named partners must report their distributive share of partnership income on their own income tax returns. *Id.*

against its income tax liability pursuant to Wisconsin's Uniform Partnership Act, ch. 178, Stats. This act defines a partnership as "an association of 2 or more persons to carry on as co-owners a business for profit." Sec. 178.03(1), Stats. Each general partner is a co-owner with his other partners of specific partnership property, holding the property as a tenant in partnership, sec. 178.21(2), Stats., and all general partners are liable for the debts and obligations of the partnership. Sec. 178.12, Stats. Each general partner is entitled to share in the profits of the partnership to the extent of his interest therein and must contribute toward the losses of the partnership according to his share in the profits. Sec. 178.15(1), Stats.

Under the "aggregate theory," L & W reasons that it, as a partner, is ultimately responsible for all partnership debts. Since all of the partnerships' assets belong to the partners, and since cash assets were used to pay the sales taxes, L & W contends that it in reality has paid the sales taxes at issue.

We have no quarrel with L & W's "aggregate theory" of partnership law, nor that, under this theory, it has ultimately paid the sales tax. We also accept arguendo L & W's contention that the "aggregate theory" may have some application in other areas of the tax code. We disagree, however, that the "aggregate theory" of partnership law applies to the sales and use tax credit contemplated by sec. 71.043(2), Stats.

The interpretation of a statute presents a question of law. *State v. Barnes,* 127 Wis. 2d 34, 37, 377 N.W.2d 624, 625 (Ct. App. 1985). Also, the application of a statute to a set of facts is a question of law. *Wisconsin Dep't. of Revenue v. Gordon,* 127 Wis. 2d 71, 73, 377 N.W.2d 212, 213 (Ct. App. 1985). When the facts are

undisputed and only a question of law is at issue, this court owes no deference to the findings of the circuit court. *Id.* While we are not bound by the Tax Appeals Commission's conclusion on a question of law, we will sustain the commission's legal conclusion if it is reasonable, even though an alternative view may be equally reasonable. *City of Sheboygan v. WERC,* 125 Wis. 2d 1, 4, 370 N.W.2d 800, 802 (Ct. App. 1985).

In construing sec. 71.043(2), Stats., we are to give effect to the intent of the legislature. *See Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). We must ascertain that intent by first looking to the language of the statute itself and giving the language its ordinary and accepted meaning. *Gordon,* 127 Wis. 2d at 73–74, 377 N.W.2d at 213.

The language of sec. 71.043(2), Stats., is unambiguous. *Gordon,* 127 Wis. 2d at 74, 377 N.W.2d at 213. The plain meaning of sec. 71.043(2) is that a corporation which pays sales and use taxes on fuel and electricity consumed in manufacturing tangible personal property may obtain an income tax credit in the amount of the sales and use tax paid that year. Sec. 71.043(2). If, as in this case, a different entity owned by the corporation actually pays the sales and use taxes, there is no statutory provision for a tax credit to the corporation.

L & W's liability for partnership debts is merely contingent or secondary to that of the partnerships. It is undisputed that the partnerships in this case paid their own fuel and electricity bills, plus sales and use taxes. The possibility that L & W *could* have become liable for these obligations had the partnerships failed to pay

689

them does not bring L & W within the ambit of the statute.

We see the issue before us not as one of partnership law but rather one of tax law. Tax exemptions, deductions and privileges are matters of legislative grace and are to be strictly construed against the taxpayer. *Ramrod, Inc. v. Department of Revenue,* 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974). We conclude that a tax credit falls within this category and is subject to the same strict scrutiny.

Because L & W did not directly pay the partnerships' costs of fuel and electricity, nor the resultant sales and use tax, it has not met the burden of showing that it is clearly within the terms of the credit statute. Thus, L & W is not entitled to the sec. 71.043(2), Stats., income tax reduction for the sales and use tax paid by the partnerships.

*By the Court.*—Judgment affirmed.