PULVERMACHER ENTERPRISES, INC., Plaintiff-Respondent,

v.

State of Wisconsin, DEPARTMENT OF TRANSPORTATION, DIVISION OF HIGHWAYS, Defendant-Appellant.

Court of Appeals

*No. 91-0974. Oral argument December 3, 1991.—Decided December 18, 1991.*

(Also reported in 479 N.W.2d 217.)

On behalf of the defendant-appellant, there were briefs by *James E. Doyle,* attorney general, and *Michael E. Perino,* assistant attorney general. There was oral argument by *Michael E. Perino,* assistant attorney general.

On behalf of the plaintiff-respondent, there were briefs and oral argument by *Michael P. Lehner* of *Lehner Law Office* of Princeton.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. This is the state's appeal from an order in a condemnation case. Here, the condemnee's building sat on both the condemned property and on

adjacent property owned by the state. The state's appraiser refused to give any value to the building, opining that the building illegally encroached upon the state's property.

The central issue is whether the trial court had authority to determine an adverse possession claim by the condemnee regarding state property lying adjacent to, but not the subject of, the condemnation. If so, a further question is whether the trial court erred in deciding the case without benefit of trial. We hold that the trial court had statutory authority to determine the claim, but that the state was entitled to try whether the condemnee adversely possessed its property. We affirm in part, reverse in part and remand with directions to try the case.

The state was in the process of improving Highway 23 proceeding through the city of Princeton. In Princeton, this is Main Street. Abutting Main Street on its north side is the Pulvermacher Enterprises, Inc. property. The taking in this instance was for a temporary highway easement in order to slope the property. Nonetheless, a Pulvermacher building sitting on the subject property would have to be destroyed.

The state was unable to negotiate the acquisition of this property with Pulvermacher and issued a jurisdictional offer that was refused. The state made its award of damages and Pulvermacher then appealed to the circuit court for a trial to determine the just compensation. In the course of discovery, Pulvermacher learned that the state's appraiser was giving no value for the building that must be destroyed because part of it encroached upon state property—that being the state's right-of-way for Highway 23. The appraiser opined that the encroachment was illegal, and thus, the building was of no value.

Briefs were submitted to the trial court prior to trial. The state anticipated that Pulvermacher would seek to dispute the appraiser's opinion by alleging that its building had been encroaching on the right-of-way in an open and notorious state for more than forty years. The state objected to this expected adverse possession claim on various grounds. Its major objection was that the claim would involve property which was not the subject of the condemnation; rather, it would involve adjacent property. The state argued that the statutes do not provide authority for the condemnee to contest a title question unless it involves the property which is the *subject* of the condemnation.

As anticipated, Pulvermacher's brief raised the adverse possession claim. After briefing was completed, the trial court did not discuss whether it had the authority to entertain the adverse possession claim, but it did rule that the claim was the real issue in the case. It then held, as a matter of fact and without a trial, that the subject building and another building were built in 1933 and 1935. The trial court found that Pulvermacher had been in open adverse possession of the encroached property for over fifty years. It ordered the state to file a new taking based on a new set of appraisals, taking the adversely possessed property into consideration.

The state sought clarification of the order and the trial court wrote that it had authority to decide the adverse possession issue because it "was briefed by both parties and submitted to the court." The state thereafter appealed.

■

The initial question is whether Pulvermacher can raise the adverse possession claim involving property that is not the subject of the condemnation proceeding. The state maintains that there is no statutory authority

for Pulvermacher to raise the claim in this proceeding or for the trial court to entertain the issue even if raised. We must therefore interpret the statutes. Statutory interpretation is a question of law that we review *de novo* and without deference to the trial court. *L&W Constr. Co. v. DOR,* 149 Wis. 2d 684, 688–89, 439 N.W.2d 619, 620 (Ct. App. 1989).

A preliminary question raised by the parties concerns the proper standard of review in interpreting the statutes relating to this case. The state points to the oft-quoted maxim that since condemnation statutes are in derogation of common law, they must be strictly construed. *See Maxey v. Redevelopment Auth.,* 120 Wis. 2d 13, 28, 353 N.W.2d 812, 820 (Ct. App. 1984). However, our supreme court has explained the proper standard of review when interpreting our condemnation statutes. In *Standard Theatres, Inc. v. DOT,* 118 Wis. 2d 730, 742–43, 349 N.W.2d 661, 668–69 (1984), the court wrote:

> [T]his court has recognized that the rule of strict construction should be applied to the condemnor's power and to the exercise of this power. This is because the exercise of the power of eminent domain has been characterized as an "extraordinary power," and the rule of strict construction is intended to benefit the owner whose property is taken against his or her will . . . .. Conversely, statutory provisions in favor of the owner, such as those which regulate the compensation to be paid to him or her, are to be afforded liberal construction. [Citations omitted.]

Because the statutes we construe in this case concern the remedies available to the owner and the compensation to be paid to it, we liberally construe the statutes.

The state focuses on that part of sec. 32.05(11), Stats., concerning the issues which may be tried when a

condemnee appeals the governmental entity's award of damages to the circuit court. The statute reads that "[t]he sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by the condemnor." The state argues that adverse possession is a question of title. Because it is a question of title, the state reasons that it may only be raised if the issue comes under either sec. 32.11 or 32.12, Stats., of our condemnation statutes.

We reject the state's initial premise that an adverse possession claim can only be a question of title. Under the facts in this case, the adverse possession claim also relates to the question of "just compensation." Reading the statute liberally in favor of the condemnee as we must, it is obvious that the condemned property's value very much depends upon whether the building standing upon the property illegally encroaches upon state property. This is because "just compensation" is ordinarily determined by the value the property would obtain at a hypothetical sale to a willing buyer in a private market. *Milwaukee & Suburban Transp. Corp. v. Milwaukee County,* 82 Wis. 2d 420, 438, 263 N.W.2d 503, 513 (1978). If the condemnee has a valid adverse possession claim, that claim is probative regarding whether the building has value and is thus relevant to the value of the land upon which the building sits. Thus, the adverse possession claim is properly before the court as part of the "just compensation" issue.

Not only is adverse possession properly before the court in order to determine the amount of just compensation, the issue is also properly before the court as a question of title. In order for an issue of title to be properly before the court in a condemnation case, the

question must come under either sec. 32.11, Stats., or sec. 32.12, Stats.

The adverse possession issue in this case comes under sec. 32.11, Stats. This section states, in pertinent part, as follows:

> **32.11 Trial of Title.** If any defect of title to or encumbrance upon any parcel of land is suggested upon any appeal . . . the court shall thereupon determine the question so presented.

In interpreting this statute, we again employ a liberal construction to effectuate the purpose of our condemnation law. The statute states that if "any" defect upon "any" parcel is "suggested" upon "any" appeal, the court must determine the question. Since the purpose of our statute is to regulate compensation which is the price paid for the taking, it follows that any title issue germane to an efficient resolution of the taking must be litigated.

The state argues that sec. 32.11, Stats., must be read to limit title questions to parcels subject to the condemnation. While the state concedes that there is no language in the statute supporting its view, it suggests that its interpretation is correct after taking into account the totality of our condemnation statutes.

A shortcut explanation of the state's argument is this: There are two avenues by which condemnation reaches the courts. We identify the avenue by looking to the person or entity who has started the action. Each avenue is subject to different procedures and different statutes. A governmental entity seeking to take certain property from an owner proceeds by one set of statutes. A person or entity seeking to prove that the government has taken property proceeds by using other statutes; for

example, inverse condemnation under sec. 32.10, Stats., or an action to quiet title.

The state's theory continues that when the government starts the action it names the owner or owners of the property it wants to take. By this action, it concedes title. Therefore, title is not at issue. Thus, because the state started the action in this case, title cannot be at issue. Rather, the only issues allowed by statute are whether the condemnation of the subject property was necessary and whether the amount the state is willing to pay is just.

We have two responses. First, even if the state were correct in its theory, the state would still lose because, as we stated in our earlier discussion, the adverse possession claim is clearly relevant to determining the just compensation to be paid to Pulvermacher. Second, the state's theory is contrary to the regulatory scheme of the legislature, which is to provide an efficient, final resolution to the compensation question.

The sole case cited by the state, *Skalicky v. Friendship Electric Light & Power Co.*, 193 Wis. 395, 399–400, 214 N.W. 388, 390 (1927), is inapplicable. In that case, both plaintiffs and defendant claimed ownership to certain property. The trial court determined that the plaintiffs owned the property without making the plaintiffs first prove ownership. The supreme court reversed, holding that when persons begin a condemnation proceeding by claiming that some other party has taken their property, they must prove that they own the property before they are entitled to relief. It is true that there is language in the opinion that speaks to the two avenues for proceeding in a condemnation case. It is also true that the court there said, *in dicta,* that when a taker begins an action against a landowner, title is not at issue. However, that statement can only be read in the context of that

241

case. As such, all *Skalicky* stands for is exactly what the court said, which is that when a taker begins the action against the landowner, then the taker has conceded title and cannot "compel the one so recognized as owner to prove or defend his title." *Id.* at 399, 214 N.W. at 390. In this case, of course, Pulvermacher is not engaged in proving or defending its title to the subject property. Rather, it is asserting adverse possession as part of its burden to prove what it believes to be an unfair compensation determination by the state. *Skalicky* is not on point.

When applying the statute to the facts, we conclude that Pulvermacher's adverse possession claim is rightfully before the court in this condemnation case both as part of the just compensation issue and standing on its own as a title question germane to these proceedings.

There remains another issue. The trial court also found that the building to be destroyed was built in the mid-1930's. The trial court made this finding without trial and after briefs were filed. There is nothing in the record or the briefs from which it can be deduced that the parties agreed to allow the trial court to decide the factual issues without a trial. In fact, at oral argument, Pulvermacher's counsel conceded that there was no agreement and volunteered that Pulvermacher had no objection to a remand for trial. We so order.

No costs to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.