Wisconsin DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

John P. MARK, Susan Mark, a/k/a Susan Perantoni, Thomas Mark, Janice Mark and William Mark, Respondents-Respondents.

Court of Appeals

*No. 91-2368. Submitted on briefs March 9, 1992.—Decided March 25, 1992.*

(Also reported in 483 N.W.2d 302.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Alan Lee,* assistant attorney general.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Christopher R. Kindt* of *Yakes, Bauer & Kindt, S.C.,* of Oshkosh.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J.   The Wisconsin Department of Revenue (department) appeals from a circuit court order which affirmed a determination by the Wisconsin Tax Appeals Commission (commission) that the respondents/grantors did not owe a real estate transfer fee as the result of their transfer of certain real estate to a partnership. We reverse the circuit court order.

## FACTS

The facts are not in dispute. We take them from the commission's findings. John P. Mark created a trust naming his five children, who are the respondents, as equal one-fifth beneficiaries. The trust assets included the real estate which is the subject of this dispute.

On November 27, 1985, in anticipation of receiving the property from the trust and pursuant to their financing institution's requirement, the beneficiaries entered into a partnership agreement for the purpose of conducting a real estate business. On January 1, 1986, the trust distributed the real estate to the beneficiaries, with each receiving as a tenant in common an equal undivided one-fifth interest in the property.

On April 1, 1986, each beneficiary executed a warranty deed transferring his or her respective interest in the real estate to the partnership. In exchange, each beneficiary received a one-fifth interest in the partner-

ship.[1] At the time of these transfers, the real estate was worth approximately $4,300,000. The beneficiaries (hereinafter grantors) concluded that they did not owe any real estate transfer fees pursuant to sec. 77.22(1), Stats., believing that the transfers merely reflected a change in the form and title of their respective ownership interests. The department disagreed and issued an assessment notice claiming a transfer fee, including penalty and interest, in the amount of $15,677.04.

The grantors appealed the department's assessment to the commission pursuant to sec. 73.01, Stats., *et seq.* The commission determined that the grantors' respective transfers did not involve any "change in the beneficial ownership of the real estate involved." Thus, the commission concluded that the transaction was not subject to a transfer fee. The circuit court affirmed this ruling upon judicial review. *See* sec. 73.015, Stats. The department appeals.

## STANDARD OF REVIEW

Our scope of review is the same as the circuit court's. *See Cuna Mut. Ins. Soc'y v. DOR,* 120 Wis. 2d 445, 448, 355 N.W.2d 541, 542 (Ct. App. 1984). The resolution of the issue in this case is governed by our interpretation of the applicable statutes and regulations. The interpretation of a statute presents a question of law, as does the application of a statute to a set of facts. *L&W Constr. Co. v. DOR,* 149 Wis. 2d 684, 688, 439 N.W.2d 619, 620 (Ct. App. 1989). On such questions, we owe no deference to the circuit court's determinations. *Id.* at 689–90, 439 N.W.2d at 620.

---

[1]The parties do not advise us whether the partnership owned any other assets prior to receiving the real estate.

## THE STATUTES

Section 77.22(1), Stats., provides in relevant part:

**Imposition of real estate transfer fee.**

**(1)** CONVEYANCE. (a) There is imposed on the grantor of real estate a real estate transfer fee at the rate of 30 cents for each $100 of value or fraction thereof *on every conveyance* not excepted or excluded under this subchapter.

(Emphasis added.)

Section 77.21(1), Stats., defines "conveyance" as follows:

**(1)** "Conveyance" includes *deeds* and other instruments for *the passage of ownership* interests in real estate . . ..

(Emphasis added.)

Section 77.21(3), Stats., defines "value" as follows:

**(3)** "Value" means:
(a) In the case of any conveyance not a gift, the amount of the *full actual consideration* paid therefor . . ..

(Emphasis added.)

█

These statutes envision two factors which must be present before a real estate transfer fee obligation arises: a conveyance and consideration with value. Summarized, these statutes impose a real estate transfer fee on the value of the full actual consideration paid where the grantor conveys an ownership interest. We now address this case in light of this interpretation.[2]

---

[2]The department argues that the commission's ruling is wrong because it creates an exemption from the real estate trans-

## CONVEYANCE

The grantors first contend that their respective transfers were not conveyances within the meaning of sec. 77.21(1), Stats.[3] More specifically, the grantors contend that there was no "passage of ownership" within the meaning of the statute. Instead, they argue that their transfers were a "mere change in form or title." We disagree.

■

A tenancy in common is a form of an interest in real property. *See* sec. 700.20, Stats. Such an interest in land is subject to conveyance by the owner's deed. *See* secs. 700.01(3) and 706.01(1), Stats. In addition, the transfer fee statutes recognize a deed as a form of conveyance. *See* sec. 77.21(1), Stats.

■

Property acquired by a partnership is considered partnership property. Section 178.05(1), Stats. Real estate acquired in the partnership's name can be conveyed only in the partnership name. Section 178.05(3);

---

fer fee beyond those expressly set out in sec. 77.25(15), Stats. We need not specifically answer this question since we otherwise conclude that the "conveyance" and "consideration with value" components of a transfer fee analysis are satisfied in this case.

[3]In its reply brief, the department contends that the grantors have waived this issue because they did not raise it before the commission. Assuming this is so, we nonetheless choose to address this issue for two reasons: first, the department addressed the question in its brief-in-chief without claiming waiver; and second, the issue is inextricably caught up with the question of consideration with value. Waiver is a rule of judicial administration which we may, in the proper exercise of our discretion, choose not to employ. *See Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980). For the reasons stated, we choose not to invoke waiver against the grantors on this issue.

*see also* sec. 178.07, Stats. Thus, the law recognizes a partnership as a separate legal entity for purposes of conveying real estate *and for purposes of holding title. McDonald v. Aetna Casualty & Surety Co.,* 47 Wis. 2d 235, 237-38, 177 N.W.2d 101, 103 (1970).[4]

The conveyances in this case transferred each grantor's tenancy in common interest to the partnership, a different legal entity. After this conveyance, each grantor no longer owned his or her undivided fractional interest in the real estate. This, we conclude, constituted more than the "mere change in form or title" for which the grantors contend. Instead, a full and complete "passage of ownership" within the meaning of sec. 77.21(1), Stats., occurred.[5]

The grantors contend that *Gottfried, Inc. v. Department of Revenue,* 145 Wis. 2d 715, 429 N.W.2d 508 (Ct. App. 1988), supports their contention that the transfers here were not a conveyance. In *Gottfried,* the assets of a dissolved corporation were transferred to the corporation's directors as trustee for the benefit of the corporation's creditors. The court of appeals ruled that such a transfer was not a conveyance and did not, *standing alone,* trigger a transfer fee. *See id.* at 719, 429 N.W.2d at 510. The court noted that such a transfer occurs as a

---

[4]Under the Uniform Partnership Act as adopted in Wisconsin, the concepts of entity and aggregate (for a partnership) are commingled. *McDonald v. Aetna Casualty & Surety Co.,* 47 Wis. 2d 235, 238, 177 N.W.2d 101, 103 (1970). In some instances, the entity theory applies; in others the aggregate theory applies. *Id.*

[5]The fact of conveyance is not lessened because the conveyance was a requirement of the grantors' lender as a condition of financing the real estate venture. It remains that all the incidents of ownership were passed from the individual grantors to the partnership.

matter of law, pursuant to sec. 180.768, Stats. (1987–88), which provided that title to a dissolved corporation's assets pass to the directors for the benefit of creditors. *Gottfried,* 145 Wis. 2d at 718, 429 N.W.2d at 510.[6] The court also observed that such a transfer need not be accompanied by any formal documents of conveyance. *See id.*

Here, the situation is markedly different. The conveyances from the grantors to the partnership were not mandated by any provision of the law. Instead, the conveyances represented the exercise of free will by the individual grantors. The grantors' reliance on *Gottfried* is misplaced.

In fact, *Gottfried* goes on to hold that a later conveyance from the corporate trustee to the corporation's sole stockholder was a conveyance which triggered a transfer fee obligation. *Id.* at 719–22, 429 N.W.2d at 510–11. Thus, *Gottfried* supports the department's, not the grantors', position.

## CONSIDERATION WITH VALUE

We now address the "consideration with value" factor of the analysis.[7] We have already noted that sec.

---

[6]The entire Wisconsin business corporation law, ch. 180, Stats., was repealed and recreated effective January 1, 1991. 1989 Wis. Act 303. The new sec. 180.1405, Stats., addresses the effect of dissolution on corporate assets.

[7]We make two preliminary observations about this issue. First, the grantors do not appear to dispute that the transaction here was accompanied by "full actual consideration" within the meaning of sec. 77.21(3), Stats. Rather, their claim is that no taxable value functionally exchanged hands.

Second, the department's assessment of the transfer fee is actually less than the "full actual consideration" required by sec.

77.22(1), Stats., imposes a real estate transfer fee at a prescribed rate for each "$100 of value or fraction thereof" and that sec. 77.21(3), Stats., defines "value" as "the amount of the full actual consideration paid therefor." In addition, Wis. Adm. Code sec. Tax 15.02, provides:[8]

> **Value subject to real estate transfer fee.**
> (s.77.21, Stats.) (1) The conveyance of a parcel of real property by a partner to a partnership is subject to both real estate transfer fee and return. *The measure of value subject to the fee is the value of the ownership of the property actually relinquished.*

(Emphasis added.)

The commission concluded that the transfers here brought "no change in the beneficial ownership of the real estate involved."[9] Neither the statutes nor the

---

77.21(3), Stats. This is because the explanatory note to Wis. Adm. Code sec. Tax 15.02 provides that a partner's consideration for property transferred to the partnership is to be reduced by the fractional interest which the partner holds in the partnership. The explanatory note, by way of example, provides:

> If a partner owns a one-third interest in the partnership, the fee is based upon two-thirds of the consideration paid by the partnership for the real property . . ..

The department questions whether the explanatory note's computational method is in keeping with the statutes because it grants a partial exemption to the *full* consideration paid. However, the department does not seek a transfer fee on the full actual consideration since its own assessment was based upon the discount allowed under the explanatory note.

[8]Section 77.30, Stats., authorizes the secretary of revenue to adopt such rules as are necessary to administer the real estate transfer fee.

[9]The commission's majority opinion is limited to a discussion of its earlier decision in *Virchow, Krause & Co. v. Wisconsin*

administrative code speaks in these terms. We assume the commission functionally meant, in the words of the administrative code, that the grantors did not actually relinquish ownership of the real estate.

■

A tenancy in common can be a fee simple absolute. *See* sec. 700.02(1), Stats.; *see also* R. Cunningham, W. Stoebuck and D. Whitman, *The Law of Property,* sec. 5.2 at 199 (1984). Under the facts of this case, each grantor's tenancy in common was such a fee interest since it was not subject to any limitation, restriction or

*Department of Revenue,* No. 88–T–134 (March 28, 1989), and an ensuing reversal of that decision upon judicial review in *Wisconsin Department of Revenue v. Virchow, Krause & Co.,* No. 89–CV–2107, Dane County Circuit Court (October 30, 1989). In *Virchow,* the commission concluded that when a partnership transfers assets to another partnership comprised of the same partners, no transfer fee results because there is no change in beneficial interests. The circuit court reversed, concluding that despite the identical partnership compositions, the partnerships were nonetheless separate legal entities. In so ruling, the court concluded that the application of Wis. Adm. Code sec. Tax 15.02 and an accompanying explanatory note were "inapposite" because those materials addressed a "partner to a partnership" transfer—a scenario not present in *Virchow.*

Here, the commission concluded that this case was the "inapposite" case to which *Virchow* had alluded. From this, the commission seems to have assumed that a different result was required. We fail to understand this logic. The circuit court in *Virchow* did not say (or even imply) that no transfer fee would be due in a case involving a transfer from a partner to the partnership. Nor did the court presume to answer as to what the result might be under Wis. Adm. Code sec. Tax 15.02 and the explanatory note if the facts were as those present here. That matter simply was not before the court in *Virchow.* In short, we do not see *Virchow* as applicable here.

condition as to duration. *See* sec. 700.02. As our previous discussion establishes, each grantor conveyed his or her tenancy in common interest in the real estate to the partnership.

■

In exchange, each grantor received a 20% interest in the partnership. Although this partnership interest vested each former grantor with certain rights and interests in the partnership property, these were now shared in common with the other partners. *See* sec. 178.21, Stats. Such partnership authority over the partnership property is markedly different from the unfettered individual control which each grantor, as a tenant in common, previously exercised over his or her former fee simple interest. Thus, we conclude that the grantors, by their conveyance, "actually relinquished" ownership rights in the real estate.

In conclusion, we hold that the transfer of the real estate in this case was accompanied by both a conveyance within the meaning of sec. 77.21(1), Stats., and by consideration with value within the meaning of sec. 77.21(3)(a). As such, the grantors owe the real estate transfer fee imposed by sec. 77.22(1), Stats.

*By the Court.*—Order reversed.