IBM CREDIT CORPORATION, Plaintiff-Respondent,†

v.

VILLAGE OF ALLOUEZ, Paul M. Quigley, Assessor of the
Village of Allouez, Village Board of Allouez, and Vil-
lage of Allouez Board of Review, Defendants-
Appellants.

Court of Appeals

*No. 93–1012. Submitted on briefs October 4, 1993.—Decided
October 26, 1993.*

(Also reported in 508 N.W.2d 42.)

†Petition to review granted.

741

742

For the defendants-appellants the cause was submitted on the briefs of *David J. Condon* of *David J. Condon, S.C.* of Green Bay.

For the plaintiff-respondent the cause was submitted on the brief of *Robert Horowitz* and *Lynn J. Bodi* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The village of Allouez[1] appeals a summary judgment awarding IBM Credit Corporation (ICC) $214,046.21 plus pre- and post-judgment interest. The village contends that the trial court erred by concluding that ICC was entitled to compel the village to refund erroneously paid taxes under sec. 70.43, Stats.[2] The village argues that sec. 70.43 does not grant a taxpayer a cause of action against a municipality to recover erroneously paid taxes, but that ICC was required to file a claim under sec. 74.35(2), Stats. We conclude that sec. 70.43 is a procedural statute governing how corrections are to be made on the assessment rolls and does not create a cause of action in favor of the taxpayer. We further conclude that sec. 74.35(2) required ICC to file a claim to recover the tax against the village. Because ICC failed to timely file a

---

[1] For ease in discussion, the appellants will be collectively referred to as the village.

[2] All ch. 70 and 74, Stats., citations hereinafter referred to are 1989-90 statutes.

claim to recover the unlawful tax against the village, the judgment is reversed without addressing the other issues the parties raised. The trial court was not required to address the issues concerning ICC's request for a writ of certiorari or a writ of mandamus because of its disposition of ICC's claim. Because resolution of these issues requires further fact-finding, we remand the matter to the trial court.

The relevant facts are undisputed. In 1990, ICC declared to the village taxing authority that it possessed $8,965,209.14 in personal property that was liable for assessment. Based on ICC's statement, the village assessed a tax of $256,725.20. ICC paid the amount in full in January 1991.

In February 1991, ICC became aware that some of the computer equipment it had reported as liable for tax assessment was exempt from personal property tax. A tax levied on exempt property is an unlawful tax under sec. 74.33(1)(c), Stats. In May 1991, ICC wrote a letter to Bowmar Appraisal claiming that a 3090 computer was exempt from personal property taxation and requesting a refund of $214,046.21. Bowmar Appraisal is a corporation that provides real estate assessments to the village as an independent contractor. Paul Quigley, the village tax assessor, wrote a letter to ICC acknowledging receiving the letter to Bowmar Appraisal. However, the village attorney informed ICC that because ICC's letter to Bowmar Appraisal did not meet the requirements of a statutory claim and was untimely, the village was not required to grant ICC's request for a refund. The village board subsequently denied ICC's request for a refund.

ICC commenced this action against the village seeking $214,046.21 plus interest, or in the alternative, writs of mandamus commanding the assessor and the

village board of review to correct the assessment rolls or a writ of certiorari. ICC and the village each moved the trial court for summary judgment. The trial court granted ICC's motion and awarded $214,046.21 plus interest. The court therefore was not required to address ICC's requests for writs of mandamus or certiorari.

Summary judgment is appropriate because the facts are undisputed. Section 802.08(2), Stats. When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816, 820 (1987). Because that methodology is familiar, we need not repeat it here. *See id.*

ICC concedes that it never filed a claim under sec. 74.35(2), Stats. However, ICC claims that sec. 74.33(4), Stats., provides an alternative cause of action for the refund of unlawful taxes under sec. 70.43. This issue involves interpretation and application of statutes to undisputed facts, a question of law that we review independently of the trial court's determination. *L & W Constr. Co. v. DOR*, 149 Wis. 2d 684, 688-89, 439 N.W.2d 619, 620 (Ct. App. 1989). In interpreting a statute, we are to give effect to the legislature's intent. *Id.* at 689, 439 N.W.2d at 620. When determining legislative intent, this court first examines the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). We conclude that the statutes at issue are unambiguous.

Section 74.35, Stats., entitled "Recovery of unlawful taxes," sets forth the procedure a taxpayer must

follow to obtain a refund of unlawful taxes paid. Section 74.35 does not provide for an alternative method for a taxpayer to recover unlawful taxes from a municipality. Under sec. 74.35(5), a taxpayer must file a claim for recovery of unlawful taxes by January 31 of the year in which the taxes are payable, or the action is barred. We now examine secs. 70.43 and 74.33, Stats., to determine whether either statute creates a cause of action in favor of a taxpayer to recover unlawful taxes.

■ Section 70.43, entitled "Correction of errors by assessors," provides in part:

> (2)   If the assessor discovers a palpable error in the assessment of . . . an item of personal property that results in the . . . property having an inaccurate assessment for the preceding year, the assessor shall correct that error by adding to or subtracting from the *assessment* for the preceding year.
>
>     . . . .
> (3)   *The dollar amount of* the adjustment determined in *the correction under sub. (2)* shall be referred to the board of review and, if certified by that board, shall be entered in a separate section of the current assessment roll . . . and *shall be used to determine the amount of additional taxes to be collected or taxes to be refunded* . . . . (Emphasis added.)

As we noted in *State ex rel. Fountain v. Green Bay*, 105 Wis. 2d 699, 703, 314 N.W.2d 904, 906 (Ct. App. 1981), the plain language of sec. 70.43 "simply provides a procedure for an administrative correction in the present year's tax roll." Nothing in sec. 70.43 creates a cause of action for a tax refund in favor of the taxpayer or provides a procedure by which a taxpayer must claim a refund from the taxing authority.

■

Section 74.33, Stats., provides in part that, under certain circumstances, the taxing authority "may refund . . . in whole or in part any general property tax shown in the tax roll, including agreed-upon interest . . . ." As an alternative to refunding or rescinding the tax, the taxing authority "may direct the assessor to proceed under s. 70.43." Section 74.33(4), Stats. Section 74.33(4) merely provides the procedure the taxing authority may use once it has determined that a tax rescission or refund is appropriate. Nothing in sec. 74.33 creates a cause of action for a tax refund in favor of the taxpayer or provides that the procedure described in sec. 70.43 is an alternative to the mechanism for recovery of taxes provided in sec. 74.35. While the plain language of sec. 74.33 evinces the legislature's intent to provide taxing authorities with alternative methods for refunding an unlawful tax, it does not demonstrate an intent to create an alternative method for taxpayers to claim the right to a refund of unlawful taxes.

■

We conclude that sec. 74.35, Stats., provides the exclusive procedure by which a taxpayer may file a claim against a municipality to demand a refund of unlawful taxes. Sections 70.43 and 74.33, Stats., merely state the procedures available to a taxing authority once it has determined that property has been erroneously assessed and a tax refund is appropriate. Because ICC concededly failed to properly file a sec. 74.35 claim against the village, the judgment is reversed. Because the trial court did not address the issues concerning ICC's request for a writ of certiorari or a writ of mandamus and because resolution of these

issues requires further fact-finding, we remand the matter to the trial court.

*By the Court.*—Judgment reversed and cause remanded.