GOTTFRIED, INC., Petitioner-Respondent,†

v.

Wisconsin DEPARTMENT OF REVENUE,
Appellant.

Court of Appeals

*No. 87–2141. Argued June 6, 1988.—Decided July 13, 1988.*

(Also reported in 429 N.W.2d 508.)

† Petition to review denied.

On behalf of the appellant, there were briefs filed by *Donald J. Hanaway,* attorney general and *Alan Lee,* assistant attorney general. Oral argument by *Alan Lee.*

On behalf of the petitioner-respondent, there were briefs and oral argument by *Norman C. Fritz* of New Berlin.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. This is a real estate transfer tax case. The Tax Appeals Commission (TAC) assessed a transfer fee when Gottfried, Inc., dissolved and conveyed its real estate to Jerome Gottfried, sole shareholder. The trial court reversed the TAC's determination. It found that the tax exemption for trustee-to-beneficiary transfers applies to corporation-to-stockholder transfers undertaken in the course of corporate liquidation. We reverse and hold that the conveyance

from Gottfried, Inc., trustee, to Jerome Gottfried was made for actual consideration and therefore does not fall within the ambit of any transfer tax exemption.

Gottfried, Inc., also argues that imposition of the tax on this transfer would violate its right to equal protection. It argues that there is no constitutionally permissible basis for the sec. 77.25(7), Stats., tax exemption treating corporation-to-stockholder transfers differently from subsidiary (corporation)-to-parent (corporation) transfers. We find a rational basis for the distinction, noting a public policy reason for favoring transfers between interrelated corporations.

The issues were presented on stipulated facts. Gottfried, Inc., was a Wisconsin corporation whose sole shareholder and director was Jerome Gottfried. The corporation held nine parcels of real estate. In 1984, the corporation voluntarily dissolved and conveyed its real estate to Jerome Gottfried. In exchange, Gottfried, Inc., received all of Jerome Gottfried's stock in the corporation.

We initially note that sec. 77.22(1)(a), Stats., imposes a tax on every conveyance of real estate. Section 77.25, Stats., lists all exemptions from the transfer fee. Transfers between agent and principal or from a trustee to a beneficiary without actual consideration are exempted by sec. 77.25(9), Stats.

When a corporation dissolves, the directors of the corporation become trustees for the benefit of the corporation's creditors. *See* sec. 180.768, Stats.; *see also Lindemann v. Rusk,* 125 Wis. 210, 228, 104 N.W. 119, 124 (1905). This trusteeship is not accompanied by any conveyance into a trust. Section 77.21(1), Stats., defines conveyance to include "deeds and other instruments for the passage of ownership interests in real

estate, including contracts and assignments of a vendee's interest therein but excluding easements, wills or leases."

In the present case, no instruments for the passage of real estate ownership were drawn, registered, or recorded when Gottfried, Inc., assumed the status of trustee in liquidation. Such documents are not necessary for the trusteeship to arise. A taxing statute must clearly apply to the thing or event to be taxed and doubts are resolved in favor of the taxpayer. *See Kearney & Trecker Corp. v. Department of Revenue,* 91 Wis. 2d 746, 753, 284 N.W.2d 61, 64 (1979). We therefore decide in favor of the trustee that no taxable conveyance took place when the trusteeship was created.

However, the transfer from the corporation to the trusteeship does not end the inquiry. Gottfried, Inc., trustee, subsequently transferred ownership of the real property to the corporation's shareholder, Jerome Gottfried. These nine transfers met the statutory definition of conveyance, as they were accomplished by assignments of land contracts and by deed. Using the rule of Wis. Adm. Code sec. **Tax 15.03**(1)(c), levying tax on conveyances from a corporation to its stockholders pursuant to a plan of liquidation, the TAC taxed the transfers.

Gottfried, Inc., trustee, claims exemption from the transfer fees, however, pursuant to sec. 77.25(9), Stats. On this point, Gottfried, Inc., trustee, must show that it is clearly within the exact terms of the exemption. Exemption statutes, unlike taxing statutes, are construed against the taxpayer, who must bring himself or herself clearly within the terms of the

719

exemption. *Ramrod, Inc. v. Department of Revenue,* 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974).

██ In construing a statute and determining its scope, the first recourse is to the language of the statute itself. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). Further, sections of statutes relating to the same subject matter must be construed *in pari materia. State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Finally, in determining the meaning of any single phrase or word in a statute, it is necessary to examine it in the light of the entire statute. *Alberti v. City of Whitewater,* 109 Wis. 2d 592, 598, 327 N.W.2d 150, 153 (Ct. App. 1982). With these principles in mind, we turn to the question of whether the instant conveyances are clearly exempted by sec. 77.25(9), Stats.

Section 77.25(9), Stats., does not exempt all conveyances between trustee and beneficiary. Only conveyances made "without actual consideration" are exempt. In the present case, Gottfried, Inc., trustee, received all of Jerome Gottfried's stock in exchange for real estate. We hold that stock is consideration for purposes of sec. 77.25.

This is because, reading the statutes *in pari materia,* the legislature has explicitly defined the transfer of stock as a form of consideration. For example, sec. 77.25(7), Stats., exempts from the transfer fee conveyances "[b]y a subsidiary corporation to its parent for no consideration, nominal consideration or *in sole consideration of cancellation, surrender or transfer of capital stock* between parent and subsidiary corporation." (Emphasis added.) Under this subsection, the legislature views stock as consideration but discounts it for purposes of this specific exemp-

tion. Another example is sec. 77.25(15), Stats. (enacted after commencement of this action), exempting from the transfer fee conveyances between a corporation and its shareholders "if all of the stock is owned by ... spouses or lineal ascendants or descendants of each other, if the transfer is for *no consideration except stock of the corporation* ... and if ... the corporation owned the property for at least 3 years." (Emphasis added.) Again, the legislature labels "stock" a form of consideration, but discounts it for purposes of the exemption.

■

The legislature specifically excludes stock from the scope of "consideration" for purposes of two, but only two, exempted conveyances. Such a clearly limited exception indicates that the legislature ordinarily views stock as consideration for conveyances. A statute that expresses one thing ordinarily is exclusive of another. *See, e.g., Fred Rueping Leather Co. v. City of Fond du Lac,* 99 Wis. 2d 1, 5, 298 N.W.2d 227, 230 (Ct. App. 1980). We apply that rule here. We further observe that as the only medium by which the shareholder could obtain corporate assets, the stock had value to Jerome Gottfried. *See, e.g., Simanco, Inc. v. Department of Revenue,* 57 Wis. 2d 47, 51, 203 N.W.2d 648, 650, *appeal dismissed,* 414 U.S. 804 (1973) (noting that a liquidation redemption of stock is treated as a sale by the stockholders). Shares also have a distinct value to the corporation in dissolution; not until it redeemed its shares could Gottfried, Inc., trustee, end the duty and expense of its statutory stewardship. *See* sec. 180.768, Stats.

■

We conclude that the "actual consideration" referred to in sec. 77.25(9), Stats., includes corporate

stock. Therefore, the taxpayer has failed to fit itself clearly within the terms of any exemption from the transfer fee and is subject to the tax. *See Village of Menomonee Falls v. Falls Rental World,* 135 Wis. 2d 393, 397, 400 N.W.2d 478, 480 (Ct. App. 1986).

Gottfried, Inc., trustee, argues that if the statutory exemption scheme does not apply to its conveyances in liquidation, then sec. 77.25, Stats., denies it equal protection. It cannot find a rational basis for distinguishing corporate-to-individual transfers from subsidiary-to-parent transfers. On this issue, we find that Gottfried, Inc., has failed to carry its heavy burden.

"[T]he States in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause . . . . But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation." *Simanco,* 57 Wis. 2d at 56, 203 N.W.2d at 652 (quoting *Allied Stores, Inc. v. Bowers,* 358 U.S. 522, 526 (1959)).

The equal protection clause will invalidate classifications only if they are shown to be arbitrary and without reasonable purpose or relationship to the facts or to a justifiable and proper state policy. *Simanco,* 57 Wis. 2d at 57, 203 N.W.2d at 653. Gottfried, Inc., has not demonstrated that the exemptions of sec. 77.25, Stats., create unreasonable classifications. In our view, an exemption for subsidiary-to-parent transfers serves a reasonable purpose: encouraging efficient, economically sound use of interrelated corporations.

A subsidiary and its parent corporation are necessarily both business entities, the former controlled by

the latter. *See* sec. 180.725(1)(m), Stats. Each can operate as a separate but related "profit center." *See* R. Posner, *Economic Analysis of Law,* sec. 14.4 at 299 (2d ed. 1977). Together, subsidiary and parent can provide a mechanism for increasing profits and lowering costs for the corporation and its shareholders by allowing each entity to perform a tightly-defined function. *See id.* Intercorporate transfers are likely to be used to maximize efficiency and profit-making. *See id.* Individual shareholders cannot be presumed to represent similar potential.

The legislature can rationally decide that corporate efficiency ought not to be discouraged by transfer fees on every transfer between subsidiary and parent. By allowing tax-exempt conveyances from subsidiary to parent, the legislature encourages interrelated corporations to make cost-efficient decisions that may ultimately result in far-reaching economic benefits. Certainly the legislature can, by tax exemptions, provide interrelated corporate structures with an incentive to make the most economically sound decisions.

We hold that there exists a rational basis for a tax scheme that exempts subsidiary-to-parent but not corporation-to-shareholder conveyances. Therefore, the equal protection clause does not invalidate the transfer tax imposed here.

*By the Court.*—Judgment reversed.