WILLIAM WRIGLEY, JR., CO., Petitioner-Respondent-Petitioner,

v.

Wisconsin DEPARTMENT OF REVENUE, Appellant.

Wisconsin DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

WILLIAM WRIGLEY, JR., CO., Respondent-Petitioner.

Supreme Court

*No. 88–2265. Submitted on briefs April 28, 1993.—Decided June 9, 1993.*

(Also reported in 500 N.W.2d 667.)

795

For William Wrigley, Jr., Co., there were briefs by *Barbara J. Janaszek, John F. Emanuel* and *Whyte & Hirschboeck, S.C.,* Milwaukee and *H. Randolph Williams* and *Baker & McKenzie,* Chicago, IL.

For Wisconsin Department of Revenue the cause was submitted on the brief of *F. Thomas Creeron, III,* assistant attorney general and *James E. Doyle,* attorney general.

JON P. WILCOX, J.   This case is on remand from the United States Supreme Court[1] which reversed this court's decision[2] that the Wisconsin Department of Revenue (DOR) could not impose a franchise tax on the petitioner, William Wrigley, Jr., Company. The issue before this court, which we did not address in our previous decision, is whether the assessed taxes are delinquent and subject to an 18 percent penalty interest rate pursuant sec. 71.13(1)(a), Stats. 1985–86.[3] We conclude that the tax assessed against Wrigley was an "additional" assessment under sec. 71.13(2), Stats. 1985–86, that did not become delinquent until 30 days following the United States Supreme Court's final determination that the assessment was correct.

The factual background and procedural history of this case are well detailed in *Wrigley II,* 160 Wis. 2d 53, 465 N.W.2d 800 (1991), and only those facts pertinent to the issue now before the court will be recited here.

---

[1] *Wisconsin Dept. of Revenue v. William Wrigley, Jr., Co.,* 112 S.Ct. 2447 (1992).

[2] *William Wrigley, Jr., Co., v. Dept. of Revenue,* 160 Wis. 2d 53, 465 N.W.2d 800 (1991) *(Wrigley II).*

[3] All statutory references in this decision, unless otherwise noted, are to the statutes in effect during the years 1985–86.

Wrigley, acting on the advice of counsel that it was immune from Wisconsin corporate franchise tax under 15 U.S.C. sec. 381, did not file tax returns in Wisconsin for the years 1973 through 1978. In 1980, following an audit, the DOR issued a "Notice of Franchise Tax Assessment" informing Wrigley that it owed "additional tax and interest" in the amount of $246,641.04. Wrigley petitioned the DOR for redetermination on the grounds that under 15 U.S.C. sec. 381 its net income could not be taxed in Wisconsin. The DOR denied Wrigley's petition.

Wrigley appealed to the Tax Appeals Commission (Commission). The Commission held that Wrigley was subject to the franchise tax because its activities in Wisconsin exceeded the scope of 15 U.S.C. sec. 381. The Commission also held that Wrigley was not subject to the delinquent interest penalty because it acted in good faith and on the advice of counsel. The Commission determined that under sec. 71.13(2), Stats., this contested assessment which was issued following a field audit by the DOR does not become delinquent until 30 days after administrative and judicial remedies are exhausted.

Both Wrigley and the DOR appealed the Commission's decision to the circuit court. The circuit court reversed and found that Wrigley was not subject to the tax involved. The circuit court did not need to address the delinquent interest issue. The DOR appealed. The court of appeals reversed the circuit court in a published decision.[4] The court of appeals held that the DOR had properly imposed the franchise tax on Wrigley and that Wrigley was required to pay the delinquent interest penalty under the delinquency pro-

[4] *William Wrigley, Jr. Co., v. Department of Revenue,* 153 Wis. 2d 559, 451 N.W.2d 444 (Ct. App. 1989) *(Wrigley I).*

visions of sec. 71.13(1)(a), Stats. The court of appeals determined that sec. 71.13(2), Stats., did not apply because the assessment against Wrigley was an initial assessment and not an additional "assessment."

We accepted Wrigley's petition for review and unanimously reversed the court of appeals. We held that Wrigley was protected from the Wisconsin franchise tax under 15 U.S.C. sec. 381. *See Wrigley II,* 160 Wis. 2d 53. Accordingly, we did not reach the delinquent interest issue.

The DOR petitioned the United States Supreme Court for a writ of certiorari. In a 6–3 decision, the Supreme Court reversed and held that several of Wrigley's activities were sufficient to subject Wrigley to taxation in Wisconsin. On July 21, 1992, the United States Supreme Court issued its mandate, reversing the judgment of this court and remanding the matter for further proceedings in conformity with its judgment. By Order dated September 15, 1992, this court vacated its February 19, 1991, mandate and granted Wrigley's motion for review of the delinquent interest issue. *William Wrigley, Jr. Co. v. DOR,* 171 Wis. 2d 35, 489 N.W.2d 915 (1992).

There is no question that interest accrues on the unpaid taxes assessed against Wrigley. At issue is whether interest accrues at the regular rate set forth in sec. 71.09(5)(a), Stats., or at the rate which penalizes delinquent taxpayers set forth in sec. 71.13(1)(a), Stats.

This issue presents a question of law which requires this court to interpret secs. 71.13(1)(a) and 71.13(2), Stats. Recently, we set forth our standard of review for an administrative agency's interpretation of a statute as follows:

800

When reviewing questions of law, we are not bound by an administrative agency's conclusions. This court has applied three levels of deference to conclusions of law and statutory interpretation in agency decisions. *Jicha v. DILHR,* 169 Wis. 2d 284, 290, 485 N.W.2d 256 (1992); *Sauk County v. WERC,* 165 Wis. 2d 406, 413, 477 N.W.2d 267 (1991). First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." *Jicha,* 169 Wis. 2d at 290–91; *Sauk County,* 165 Wis. 2d at 413. The second level of review is a mid-level standard that provides if the agency decision is "very nearly" one of the first impression it is entitled to "due weight" or "great bearing." *Jicha,* 169 Wis. 2d at 291; *Sauk County,* 165 Wis. 2d at 413–14. The third level of review is de novo and is applied when the case is clearly one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented. *Jicha,* 169 Wis. 2d at 291; *Sauk County,* 165 Wis. 2d at 414.

*Kelley Co., Inc. v. Marquardt,* 172 Wis. 2d 234, 244–45, 493 N.W.2d 68 (1992).

The Tax Appeals Commission is the final administrative authority that reviews redetermination decisions of the Department of Revenue. The Commission is experienced in applying the interest provisions of Chapter 71, Stats.; therefore, the Commission's decision is entitled to great weight.

An examination of the statutory scheme of Chapter 71 supports the Commission's ruling that the assessment against Wrigley was an "additional" assessment which did not become delinquent under

sec. 71.13(2), Stats., until 30 days following the final and conclusive decision of the United States Supreme Court. Section 71.09(5)(a), Stats., provides for simple interest on unpaid taxes as follows:

> In assessing taxes interest shall be added to such taxes at 12% per year from the date on which such taxes if originally assessed would have become delinquent if unpaid, to the date on which such taxes when subsequently assessed will become delinquent if unpaid.[5]

Section 71.13(1)(a), Stats., provides for delinquent interest:

> Income and franchise taxes shall become delinquent if not paid when due under s. 71.10(9), and when delinquent shall be subject to interest at the rate of 1.5% per month until paid . . . .

Section 71.13(2), Stats., provides:

> Any additional income or franchise tax assessment contested before the tax appeals commission or in the courts, which is finally determined to be correct, shall become delinquent if not paid on or before the 30th day following the date on which the order or judgment representing such final determination becomes final and conclusive.

---

[5] The Commission noted that "sec. 71.09(5)(a) was amended in 1981 to make a 12% rate applicable to all nondelinquent taxes assessed on or after August 1, 1981, regardless of the year to which the assessment applies. L. 1981, Ch. 20, sec. 1090n. The assessment here at issue was made prior to the date of amendment. Accordingly, pursuant to the statute in effect as of the date of assessment, the applicable nondelinquent rate is 6% for the years 1973 and 1974 and 9% for the years thereafter."

■ If the assessment against Wrigley is an "additional" assessment under sec. 71.13(2), Stats., then delinquent interest is not appropriate. The Commission, after analyzing the statutory scheme and policy underlying the imposition of delinquent interest, held that the assessment against Wrigley was governed by sec. 71.13(2) and did not become delinquent until 30 days after the final judicial determination. The DOR argues that the assessment was not an "additional" assessment under sec. 71.13(2), but an initial assessment which was delinquent under sec. 71.13(1)(a) because Wrigley never filed a return. We agree with the Commission and conclude that the contested assessment in this case did not become delinquent and subject to the delinquent interest penalty until 30 days after the United States Supreme Court decision which was the final judicial authority on this matter.

We agree with and adopt the following statutory analysis of the Commission:

> The only statutory authority for imposition of the 18% rate (1.5% per month) is found in section 71.13(1)(a), *Wis. Stat.,* which provides that "[i]ncome and franchise taxes shall become delinquent if not paid when due under s. 71.10(9), and *when delinquent* shall be subject to interest at the rate of 1.5% per month until paid. . . ." (emphasis added). As the language of the statute makes clear, this section imposes the 18% annual rate only on taxes which are delinquent. Section 71.13(2), which follows immediately after the section quoted, provides a special rule for determining when taxes which are contested become delinquent. This section provides that "[a]ny additional income or franchise tax assessment contested before the tax appeals commission or in the courts, which is finally .

determined to be correct, shall become delinquent if not paid on or before the 30th day following the date on which the order or judgment representing such final determination becomes final and conclusive."

As is readily apparent from the language of section 71.13(1) and (2), contested taxes such as those here involved do not become delinquent until 30 days after administrative and judicial remedies are exhausted, and until that time, cannot be subject to interest at the delinquency rate.

An examination of the statutory scheme of Chapter 71, Stats., supports our conclusion that the assessment against Wrigley was an "additional" assessment subject to sec. 71.13(2), Stats., despite the fact that Wrigley did not file a return. Again we agree with and adopt the following analysis of the Commission:

Section 71.13(1)(a) establishes a general rule that taxes become "delinquent" if not paid "when due under s. 71.10(9)." Section 71.10(9)(a), in turn, provides that [c]orporation franchise and income taxes not paid on or before the 15th day of the 3rd month following the close of the income year, shall become delinquent." In other words, corporate taxes ordinarily become due, and if not paid become delinquent, on the 15th day of the third month after the close of the taxpayer's taxable year. However, section 71.10(9)(d) modifies this general rule by providing that "additional income taxes assessed under s. 71.11(16) and (20) shall become due and payable on entry upon the assessment roll." Sections 71.11(16) and (20) are the sections authorizing the Department of Revenue to audit returns and issue additional assessments such as the assessment at issue in this case. It follows that the taxes at issue in the instant case, which were assessed pursuant

to audit will become due only when they are entered upon the assessment roll.

Under sections 71.11(22) and 71.12(1)(a), assessments may not be entered on the assessment roll until the taxpayer has been given notice thereof in writing. Section 71.12(1)(a) provides that any person who receives such a notice of additional assessment may petition the Department of Revenue for a redetermination thereof, and thereafter may request a hearing before the Tax Appeals Commission. Section 71.12(2) further provides that if such a hearing is requested, the additional tax "shall not be placed on the assessment roll until after hearing and determination of the tax by the tax appeals commission or disposition of the appeal . . ."

Finally, section 71.09(5)(a) provides for a lower 12% rate of interest to be applied to taxes "from the date on which such taxes if originally assessed would have become delinquent if unpaid, to the date on which such taxes when subsequently assessed will become delinquent if unpaid." This section thus clearly contemplates a period of time during which assessed taxes, even though not paid, are not delinquent. The Department of Revenue's apparent interpretation of the statute, to the effect that taxes become delinquent on the day on which the return for the year in question should have been filed, would render this section of the statutes completely meaningless, since there would then be no period of nondelinquency during which the lower interest rate specified by Section 71.09(5)(a) would apply.

An examination of the entire audit and appeal process makes clear that the taxes at issue in this case, which were assessed pursuant to audit, did not become due and payable until after Wrigley had exhausted all administrative and judicial remedies. Under sec.

71.13(2), the taxes did not become due until 30 days after the United States Supreme Court decision; therefore, the taxes did not become delinquent and subject to the 18% delinquent interest penalty until that time.

■

The delinquent interest rate is a penalty that is meant to punish taxpayers who do not pay their taxes on time. Wrigley should not be punished. Wrigley was acting in good faith and on the advice of counsel when it determined that it did not need to file a tax return in Wisconsin. Wrigley was acting on a good faith belief that it was not subject to taxation in Wisconsin. Wrigley's belief was not without merit as is indicated by the fact that the circuit court, all seven justices on this court, and three United States Supreme Court justices determined that Wrigley was exempt from taxation in Wisconsin.

■

The DOR claims that our interpretation of the statute will encourage taxpayers not to file returns. However, the delinquency provisions at issue here are not intended to punish non-filers. Rather, they are intended to encourage prompt payment of admitted tax liability. Tax acknowledged by the taxpayers to be due is delinquent from the due date of the return whether a return is filed or not. Tax assessed by the DOR upon audit does not become delinquent under sec. 71.13(2), Stats., until 30 days after the taxpayer's liability has finally been determined.

This is the result reached in cases cited by the DOR in which delinquent interest was imposed on non-filers who admitted tax liability. In *Gottschalk v. Wisconsin Department of Revenue,* Wis. Tax Rep. [CCH] ¶ 201–922 (Wis. Tax App. Comm. November 17, 1981), the taxpayer did not contest the tax, but challenged the

806

assessment of a late filing fee and delinquent interest because the Department had not advised him of his 1974 tax liability until 1979. The court held that because it was undisputed that the taxpayer had 1974 income tax liability, and was required to file a return, the imposition of delinquent tax was proper. Thus, the delinquent interest that arose from the late filing was due to the taxpayer's oversight and error, not because the taxpayer had grounds for contesting tax liability.[6]

Similarly in *Olken v. Wisconsin Department of Revenue,* Wis. Tax Rep. [CCH] ¶ 202–057 (Wis. Tax App. Comm. July 30, 1982), the taxpayer did not protest the tax assessment itself, but challenged the assessment of delinquent interest on the basis that the failure to file returns was due to reasonable cause. The commission imposed the delinquent penalty because the taxpayer did not pay the taxes he conceded he was liable for when they were due. The commission reached the same result in *Zingelman v. Wisconsin Department of Revenue,* Wis. Tax Rep. [CCH] ¶ 203–055 (Wis. Tax App. Comm. April 26, 1989). In that case the commission upheld the imposition of delinquent interest where the taxpayer did not contest liability for the taxes in question, but failed to prove he had reasonable cause for not filing his returns on time.

A case cited by the DOR which is more on point is *Kar Products, Inc. v. Wisconsin Department of Revenue,* Wis. Tax Rep. [CCH] ¶ 202–479 (Wis. Tax App. Comm. November 27, 1984). In *Kar Products* the court upheld the imposition of delinquent interest on a non-filing taxpayer who claimed to be outside the taxing jurisdic-

---

[6] The point made by the court in *Gottschalk* was that the Department was under no obligation to seek out each person with possible Wisconsin income tax liability and send them the appropriate returns.

tion of Wisconsin by virtue of 15 U.S.C. § 381. However, the taxpayer did not challenge the construction of the statutory language defining "delinquency" for interest purposes and hence the Tax Appeals Commission did not consider the issue.

Further, other provisions in Chapter 71 of the Wisconsin Statutes specifically provide penalties for failure to file tax returns. Sections 71.11(40), (41), and (46), Stats., address the wilful non-filing by a taxpayer and turn upon the culpability of the taxpayer. The delinquent penalty provisions should not be construed to provide an additional sanction for taxpayers who do not file because they have a good faith basis for contesting their tax liability.

We conclude that under sec. 71.13(2), Stats., the assessment against Wrigley did not become delinquent until 30 days following the United States Supreme Court's decision that the assessment was correct.

*By the Court.*—The decision of the court of appeals is reversed.