Otto WOLTER, John Wolter, Janet Plenke, Michelle Cichacki, Kim Wiedmann and Wolter Investment Company—A Limited Partnership, a Wisconsin Limited Partnership, Petitioners-Appellants,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Respondent.

Court of Appeals

*No. 99–0671. Submitted on briefs October 7, 1999.—Decided November 24, 1999.*

(Also reported in 605 N.W.2d 283.)

652

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *John T. Clark* and *John P. Miller* of *Miller, Simon, McGinn & Clark, S.C.* of Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Stephen J. Nicks,* assistant attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1.   ANDERSON, J.  Otto Wolter, his children and the family limited partnership seek to avoid paying a real estate transfer fee on a conveyance of commercial property from the family partnership to a newly formed family limited liability company. This appeal challenges the decision of the Wisconsin Tax Appeals Commission that a direct transfer of real property from the partnership to the limited liability company was a conveyance of title for value and no exemptions applied to this transaction. Because we agree with the Commission's decision, we affirm.

¶ 2.   The facts are not in dispute. We take them from the Wisconsin Tax Appeals Commission's (WTAC) findings and the parties' stipulation of facts. Otto Wolter is the father of John Wolter, Janet Plenke, Michelle Cichacki and Kim Wiedmann (collectively Wolter) and all were partners in Wolter Investment Company—Limited Partnership (the partnership). Otto was the general partner and his children were limited partners. The partnership held title to three parcels of land which it leased to various tenants. In

653

1994 the partnership was reorganized as Wolter Investment Company, LLC (the LLC), a Wisconsin limited liability company under ch. 183, STATS. In order to give notice of the reorganization, the individuals had prepared and recorded in the Waukesha County Register of Deeds office a "Memorandum of Organizational and Operating Agreement." The reorganization of the partnership into the LLC did not involve payment of any cash consideration to any person or entity.

¶ 3.  The Memorandum recited that the partnership was reorganizing under ch. 183, STATS., as an LLC and that it owned three parcels of land, whose legal descriptions were attached as Exhibit A. The document also recited that the LLC is the "owner of all of the above described real estate . . . ." The Memorandum was signed by all five Wolters in their individual capacity and the signatures were authenticated by a member of the State Bar of Wisconsin.

¶ 4.  The Wisconsin Department of Revenue (DOR) served a "Notice of Additional Assessment of Real Estate Transfer Fee" on the LLC's attorney of record. DOR based the assessment on its determination that any conveyance between a partnership and an LLC is subject to the transfer fee. The transfer fee due was calculated to be $6420.30, based upon the 1994 fair market value of the three parcels. DOR also assessed interest and penalty payments totaling $2561.26. DOR rejected the LLC's petition for redetermination.

¶ 5.  Wolter filed an appeal with the Wisconsin Tax Appeals Commission (WTAC). In the appeal, Wolter maintained that the additional assessment was improper for three reasons. First, there was no conveyance within the meaning of § 77.21(1), STATS. Second, any deemed transfer was without value. Third, if there was a conveyance it was exempt under § 77.25(15m)

and (15s), STATS. The WTAC rejected Wolter's appeal finding that the recorded Memorandum was a conveyance within the meaning of § 77.21(1). It found that the transfer was with value because the individuals received capital accounts in the LLC. The WTAC also held that there is no statutory exemption for a transfer from a family partnership to a family LLC. The WTAC upheld the assessment of the transfer fee but reversed DOR's assessment of interest and penalty payments.

¶ 6.   The Wolters, individually and as partners in the partnership, filed a petition for judicial review. The circuit court affirmed all of the findings and the conclusion of the WTAC. This appeal followed.

## STANDARD OF REVIEW

¶ 7.   Not surprisingly, the parties differ as to the appropriate standard of review. Wolter contends that of the three levels of deference a court owes to an administrative agency's legal conclusion, we should use the lowest standard, de novo, because this is a case of first impression. DOR counters that we should use the highest standard, "great weight," because the assessment of a real estate transfer fee is within the WTAC's expertise.

¶ 8.   The issue presented concerns the applicability of the real estate transfer fee under § 77.22, STATS., to the Memorandum. A real estate transfer fee is only assessed if there is a conveyance or transfer of ownership interests in real property for value and there are no statutory exemptions or exclusions. *See* §§ 77.21(1), (3), 77.22(1), STATS. This presents an issue of statutory interpretation. *See William Wrigley, Jr., Co. v. DOR*, 176 Wis. 2d 795, 800, 500 N.W.2d 667, 669–70 (1993). We apply three levels of deference—great weight, due weight or de novo—to an agency's conclusions of law

and statutory interpretation. *See id.* at 801, 500 N.W.2d at 670.

■

¶ 9.   Four requirements must be met before we afford "great weight" deference to an agency's interpretation of a statute:

> (1) the agency was charged by the legislature with the duty of administering the statute; (2) the agency's interpretation of the statute is one of long-standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Margoles v. LIRC*, 221 Wis. 2d 260, 265, 585 N.W.2d 596, 598 (Ct. App.), *review denied*, 221 Wis. 2d 654, 588 N.W.2d 631 (1998). When the "great weight" standard is applied, we sustain an agency's reasonable interpretation even if there is a more reasonable interpretation available. *See id.*

¶ 10.   We apply the "due weight" standard where an agency has some experience in making the statutory interpretations being challenged, but has not developed the expertise necessary to place it in a better position than this court to interpret a statute. *See id.* at 265, 585 N.W.2d at 598–99. When this standard is used, we will not reverse an agency's reasonable interpretation that is in keeping with the purpose of the statute unless we determine that a more reasonable interpretation is available. *See Zignego Co. v. DOR*, 211 Wis. 2d 819, 825–26, 565 N.W.2d 590, 593 (Ct. App. 1997).

¶ 11.   The lowest standard of deference is de novo. This standard is applied when the issue is one of first

impression for the agency or the agency's position on the issue has been contradictory. *See id.* at 824, 565 N.W.2d at 592. Regardless of the level of deference, we review the decision of the agency, not the decision of the circuit court. *See Stafford Trucking, Inc. v. DILHR,* 102 Wis. 2d 256, 260, 306 N.W.2d 79, 82 (Ct. App. 1981).

¶ 12.　Wolter does not dispute that the WTAC has a great deal of expertise and experience in determining whether a transaction is a conveyance subject to the assessment of a transfer fee or is exempt by statute. Wolter's position is that whether a transfer between family entities is a conveyance subject to the real estate transfer fee presents a case of first impression.

> The test is not, however, whether the commission has ruled on the precise—or even substantially similar—facts in prior cases. If it were, given the myriad factual situations to which the provisions of [the statutes] may apply, deference would indeed be a rarity. Rather, the cases tell us that the key in determining what, if any, deference courts are to pay to an administrative agency's interpretation of a statute is the agency's experience in administering the particular statutory scheme—and that experience must necessarily derive from consideration of a variety of factual situations and circumstances.

*Barron Elec. Coop. v. PSC,* 212 Wis. 2d 752, 764, 569 N.W.2d 726, 732 (Ct. App. 1997).[1]

¶ 13.　This is not a case of first impression. The WTAC has regularly decided cases with similar facts. In three recent cases, the WTAC held that a transfer

---

[1] In fact, in a cursory search on WestLaw in the database containing the opinions of the WTAC, thirty-seven opinions interpreting § 77.22, STATS., were found.

from a revocable living trust by the trustee or trustees to a limited partnership or a limited liability corporation in which the trustee or trustees were the only member(s) was exempt from the transfer fee. *See Huntington v. DOR*, No. 98-T–179, 1999 WL 199300 (Wis. Tax App. Comm'n Apr. 8, 1999); *Blado v. DOR*, No. 98-T–166, 1999 WL 202883 (Wis. Tax App. Comm'n Mar. 19, 1999); *Selle v. DOR*, No. 98-T–175, 1999 WL 160244 (Wis. Tax App. Comm'n Mar. 15, 1999). Of interest in these three opinions is the same comment:

> Claimed exemptions from the fee for entity-to-entity transfers—between partnerships, corporations, and LLCs, all of which are comprised solely of family members—have not succeeded, in the absence of specific exemption language.

*Huntington*, 1999 WL 199300 at *2; *see Blado*, 1999 WL 202883, at *2; *Selle*, 1999 WL 160244, at *2.

¶ 14.   The WTAC has decided other entity-to-entity transfer cases. *See Sunset Meadows v. DOR*, No. 98-T–129, 1999 WL 149768 (Wis. Tax App. Comm'n Mar. 5, 1999) (transfer from a family partnership to an LLC consisting of the same family members); *Nicolet Invs. v. DOR*, No. 96-T–943, 1998 WL 557177 (Wis. Tax App. Comm'n Sept. 1, 1998) (transfer from one family partnership to a second family partnership consisting of the same family members); *J. & R. Hotel Partnership v. DOR*, No. 96-T–663, 1997 WL 117188 (Wis. Tax App. Comm'n Mar. 14, 1997) (transfer from family partnership to LLC consisting of the same family members); *Heritage Place Ltd Partnership v. DOR*, No. 92-T–400, 1995 WL 590145 (Wis. Tax App. Comm'n Oct. 5, 1995) (transfer from limited partnership to general partnership consisting of the same family members); *Virchow, Krause & Co. v. DOR*, No. 88-T–134, 1989 WL 96131

(Wis. Tax App. Comm'n Mar. 28, 1989) (transfer from general partnership to a second general partnership consisting of the same partners).

■

¶ 15.  We will give "great weight" deference to the WTAC's conclusions of law and statutory interpretation because the four requirements for applying the highest level of deference are present. *See Margoles,* 221 Wis. 2d at 265, 585 N.W.2d at 598. First, the WTAC is charged with the duty of administering the tax laws. *See* § 73.01(4)(a), STATS. Second, the WTAC's interpretation of §§ 77.21, 77.22 and 77.25, STATS., dates back to 1988. Third, the WTAC used its experience and expertise in interpreting the statutes and applying its interpretation to the facts. Finally, the WTAC's interpretation will insure fairness in the tax laws because it provides for uniformity and consistency in the application of the statutes.

## APPLICABLE STATUTES

¶ 16.  Before going any further we will set forth the law that is applicable to the undisputed facts.

**Section 77.21 Definitions.** In this subchapter:
  **(1)**  "Conveyance" includes deeds and other instruments for the passage of ownership interests in real estate, including contracts and assignments of a vendee's interest therein and including leases for at least 99 years but excluding leases for less than 99 years, easements and wills.
  . . . .
  **(3)**  "Value" means: (a)  In the case of any conveyance not a gift, the amount of the full actual consideration paid therefor or to be paid, including the amount of any lien or liens thereon;
  . . . .

**Section 77.22 Imposition of real estate transfer fee.**

(1) There is imposed on the grantor of real estate a real estate transfer fee at the rate of 30 cents for each $100 of value or fraction thereof on every conveyance not exempted or excluded under this subchapter.

¶ 17. These statutes impose a fee on the value of the full actual consideration paid where the grantor conveys an ownership interest. *See DOR v. Mark*, 168 Wis. 2d 288, 292, 483 N.W.2d 302, 304 (Ct. App. 1992). The grantor can only avoid the tax if the conveyance qualifies for an exemption.

**Section 77.25 Exemptions from fee.** The fees imposed by this subchapter do not apply to a conveyance:

. . . .

(15m) Between a partnership and one or more of its partners if all of the partners are related to each other as spouses, lineal ascendants, lineal descendants, siblings, or spouses of siblings and if the transfer is for no consideration other than the assumption of debt or an interest in the partnership.

(15s) Between a limited liability company and one or more of its members if all of the members are related to each other as spouses, lineal ascendants, lineal descendants, siblings, or spouses of siblings and if the transfer is for no consideration other than the assumption of debt or an interest in the limited liability company.

## DISCUSSION

¶ 18. We will first consider whether the transfer of ownership interest described in the Memorandum

was a taxable event. This will require us to decide if the Memorandum was a conveyance and, if so, whether there was value for the conveyance. This inquiry is limited to the taxing statute, § 77.22, STATS. "A taxing statute must clearly apply to the thing or event to be taxed and doubts are resolved in favor of the taxpayer." *Gottfried, Inc. v. DOR*, 145 Wis. 2d 715, 719, 429 N.W.2d 508, 510 (Ct. App. 1988). If we find that the transfer of the real property from the partnership to the LLC was a taxable event, we then must decide if Wolter and the partnership are entitled to an exemption under § 77.25(15m) or (15s), STATS. "Exemption statutes, unlike taxing statutes, are construed against the taxpayer, who must bring himself or herself clearly within the terms of the exemption." *Gottfried*, 145 Wis. 2d at 719–20, 429 N.W.2d at 510.

¶ 19.   The WTAC found that the recorded Memorandum was a conveyance under § 77.21, STATS. It pointed out that the express language of the Memorandum changed the entity holding title to the subject real property; therefore, it concluded the Memorandum was designed to carry out the passage of real property from the partnership to the LLC. The WTAC also found that the Memorandum met the formal requisites for recording a conveyance found in § 706.02, STATS.

¶ 20.   Wolter challenges these determinations beginning with the proposition that the transfer was not in the name of the partnership; rather, the individual members of the partnership only transferred their respective interests in the partnership. Wolter suggests that certain statutes governing partnerships—§§ 178.06(1), 178.07 and 179.065, STATS.—can be read together for the proposition that "if a conveyance is not executed in the name of the partnership, the conveyance may still convey the equitable

661

interest of the partnership if and only if the act of conveyance is for carrying on the business of the partnership in the usual way." Wolter theorizes that if the Memorandum is a conveyance, the only conclusion could be that the individual members of the partnership transferred the real property in their own names and that would constitute the dissolution of the partnership, which is not the usual business of the partnership. Therefore, he contends that the Memorandum did not transfer any ownership interest because it would have been outside of the partnership's usual course of business.

¶ 21. A conveyance, as defined in § 77.21(1), STATS., is very broad, including any instrument "for the passage of ownership interests in real estate." We are satisfied that the Memorandum is a conveyance of real property done in the name of the partnership. The partners are listed individually and identified as "members." The Memorandum recites that the members constitute all of the partners in Wolter Investment Company, a Wisconsin limited partnership, and that the business of the partnership is the owning and leasing of real property. The Memorandum gives notice that the partnership has reorganized as an LLC and the assets of the partnership are now the assets of the LLC. Finally, the Memorandum states that it is

> an amendment and restatement of the Limited Partnership Agreement of the Partnership ("Partnership Agreement") and by virtue hereof the Partnership is reorganized as a limited liability company and the Company is the owner of all of the Partnership's property, both real and personal, including without limitation the real property described [above].

¶ 22.   The Memorandum may not be a formal warranty deed with recitations that the partners are acting on behalf of the partnership, but it serves the same purpose. It is not the words of art used that create a conveyance—it is the intent of the parties to the document. Here, the intent of the parties is to vest ownership of the partnership's real property in the LLC.

¶ 23.   Wolter's reliance on the statutes is misplaced. First, § 178.06(1), STATS., states that a partner may bind a partnership by signing a document in the name of the partnership if the partner is apparently acting within the course of the ordinary business of the partnership. *See Wyss v. Albee*, 193 Wis. 2d 101, 110, 532 N.W.2d 444, 447 (1995). When all of the partners sign a document reciting that the business of the partnership is owning real property and the document then recites that the real property is now owned by an LLC, there is a conveyance within the ordinary course of the business of the partnership that binds all of the partners. Wolter's argument does not get any assistance from § 178.07, STATS., which "governs the partnership's right to recover real property when a partner conveys that property without apparent authority" and is silent on how partnership real property can be properly conveyed. *Wyss*, 193 Wis. 2d at 113, 532 N.W.2d at 448. Moreover, § 179.065(1), STATS., does not shore up Wolter's argument because it only speaks to the authority of the general partner to convey real property in the name of the limited partnership and does not provide guidance when all members of the limited partnership join in the conveyance. Likewise, § 179.065(2) is not helpful because it incorporates the provisions of § 178.07(2) to (5) when the property is not in the name

of the limited partnership or the conveyance is not in the name of the limited partnership.

¶ 24. We agree with the WTAC that the Memorandum is also a conveyance under ch. 706, STATS. That chapter defines a conveyance as a written instrument, evidencing the conveyance of an interest in land, which meets the formal requirements of § 706.02, STATS. *See* § 706.01(1), (4), STATS. The Memorandum identifies all of the parties, the individuals, the partnership and the LLC. *See* § 706.02(1)(a). It identifies the real property with a metes and bounds description and a property tax key number. *See* § 706.02(1)(b). It identifies the interest conveyed by stating that the LLC is now the owner of the described real property: *See* § 706.02(1)(c). All of the members signed the Memorandum. *See* § 706.02(1)(d). And, it is a reasonable inference that after its recording the Memorandum was delivered to the representative of the LLC. *See* § 706.02(1)(g).[2] The Memorandum also meets the formal requirements for recording in the Register of Deeds office. *See* § 706.05, STATS.

¶ 25. Having concluded that the Memorandum meets the definition of a conveyance in § 77.21(1), STATS., we now consider if the conveyance was for value and subject to the assessment of a transfer fee. *See* *Mark*, 168 Wis. 2d at 292, 483 N.W.2d at 304. The WTAC found that value was received by the individual members of the LLC in the form of their capital accounts in the new LLC. Wolter disputes this finding with the propositions that there was no actual consideration paid and what the individuals received in the transaction is immaterial because a transfer fee is

---

[2] Other formal requirements do not apply to the Memorandum because it is neither a lease nor an alienation of a homestead interest. *See* § 706.02(1)(e), (f), STATS.

imposed upon a grantor, here the partnership, which received nothing. Wolter does not cite any authority in support of this argument.[3]

¶ 26. Value is present in two different ways. First, the members received capital accounts in the LL C in exchange for the conveyance. There is no difference between a capital account in an LLC and shares of stock in a business corporation. *See generally* Daniel J. Litvinoff, *Wisconsin's Limited Liability Company: Emerging Issues and Prospects for the Future*, 78 MARQ. L. REV. 757, 767–68 (1995). Value is present when a grantor receives corporate stock in exchange for a conveyance of real property. *See Gottfried*, 145 Wis. 2d at 721, 429 N.W.2d at 511.

¶ 27. Second, in reorganizing as an LLC and conveying the real property to the LLC, the members received beneficial ownership rights. In *Mark*, five siblings were tenants in common holding an equal undivided interest in real property. Each of the siblings executed a warranty deed transferring this interest to a partnership. We reversed the WTAC's conclusion that no transfer fee was due because the conveyance was not for value. We held that value was in the form of the siblings' exchange of their unfettered individual control over their former fee simple interest for the shared rights and interest they had with the other partners. *See Mark*, 168 Wis. 2d at 298, 483 N.W.2d at 306.

¶ 28. We can apply the same reasoning to this case. The reorganization of the limited partnership

---

[3] Usually arguments unsupported by references to legal authority will not be considered. *See State v. Shaffer*, 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980). However, we choose to address this issue in the interest of completeness.

into the LLC provided the members with new rights and privileges:

> Although limited partners possess limited liability, benefit from partnership tax treatment, and retain flexibility in structuring the partnership agreement, some serious drawbacks exist as to the limited partnership form, making the LLC a better choice for business formation. First, limited partners cannot participate in the management or control without jeopardizing their limited liability. However, LLC members are treated as corporate shareholders, and are able to participate in the management of the organization without risking personal liability. Another disadvantage attributable to limited partnerships is that the partners must select a general partner to run the business. The general partner or partners in limited partnerships do not have limited liability, and are therefore personally liable for the debts and obligations of the entity.
>
> As for tax consequences, limited partners must materially participate in the business to avoid the 'passive activity loss' limitations. However, because any participation in management by a limited partner subjects that partner to personal liability, a limited partner could never qualify for the favorable tax treatment. On the other hand, LLC members can materially participate in the management of the LLC without losing their limited liability characteristic.

Litvinoff, 78 MARQ. L. REV. at 767–68.

¶ 29. The sole business of the LLC is the owning and leasing of three parcels of real property, a business function that is the frequent target of lawsuits. One author has commented that an LLC is preferable to a limited partnership if the asset to be transferred is an

interest in an active trade or business, or an asset that could be the basis for litigation (such as environmental hazards, personal injury claims and the like). *See* Andrew J. Willms, *Family Limited Partnerships and Limited Liability Companies: New Estate Planning Tools for the 90s,* 67 WIS. LAW. 17, 18–19 (Mar. 1994). As in *Mark*, the members here exchanged the ownership rights and privileges of limited partners for the more beneficial ownership rights and privileges accorded to members of an LLC. Where there is a marked difference in ownership rights and the members succeed to more beneficial rights, there is full actual consideration paid for the conveyance from the limited partnership to the LLC. *See Mark*, 168 Wis. 2d at 298, 483 N.W.2d at 306.

¶ 30. Finally, we will consider whether this transaction qualifies for an exemption. Even though the Memorandum is a conveyance for value and subject to the transfer fee, Wolter can still escape the transfer fee if there is an applicable exemption. In *Village of Menomonee Falls v. Falls Rental World*, 135 Wis. 2d 393, 396–97, 400 N.W.2d 478, 480 (Ct. App. 1986), we summarized the law of tax exemptions:

> A tax exemption statute is to be strictly construed against granting an exemption. Tax exemptions are purely matters of legislative grace. The taxpayer has the burden of bringing the property in question within the terms of the exemption, by showing that the terms thereof clearly apply to him. [Citations omitted.]

¶ 31. Wolter correctly points out that § 77.25(15m), STATS., exempts conveyances between a partnership and one or more of its partners if there is a familial relationship and that § 77.25(15s) contains an identical exemption for conveyances involving a family

667

limited liability corporation. Wolter emphasizes that the members of the former partnership and the LLC are all family members. Wolter then argues there is a clear legislative intent to exempt conveyances between family members and business entities operated by the family. In the argument, WTAC's decision is described as an "illogical anomaly that a tax is due on a one-step transaction, from the partnership to the LLC, even though the same result could be accomplished in two steps with no tax due."

¶ 32.    DOR counters that Wolter has failed to bring this conveyance within the terms of the exemption. It argues that Wolter's suggestion that the WTAC's decision is a "blatant example of form over substance" is an attempt to distract us from the well-settled law that exemptions must be strictly construed.

¶ 33.    Wolter has failed to point to an express provision of § 77.25, STATS., granting an exemption for a conveyance from a family partnership to a family LLC. *See Ramrod, Inc. v. DOR*, 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974) (one who claims an exemption must point to an express provision granting such exemption by language which clearly specifies the same, and thus brings himself or herself clearly within the terms thereof). As ridiculous as it may be, the only manner in which Wolter could have brought this conveyance within either exemption would have been to have executed two conveyances: (1) from the partnership to the individual family members and (2) from the family members to the LLC. Any doubts we might hold about the wisdom of not exempting a conveyance from a family entity to a family entity are to be resolved in

favor of taxability. *See DOR v. Greiling*, 112 Wis. 2d 602, 605, 334 N.W.2d 118, 120 (1983).[4]

## CONCLUSION

¶ 34. We hold that there was a conveyance. The Memorandum announcing a reorganization of the partnership into an LLC and that the LLC was now the owner of all the real property is a document intended to transfer title to real property. The new and beneficial ownership rights the family members acquired as members of the LLC, along with capital accounts, are sufficient to provide the value needed to support the conveyance. The conveyance is subject to the real estate transfer fee because there is no specific statutory language granting an exemption.

*By the Court.*—Judgment affirmed.

---

[4] We agree with Wolter that the result is an illogical anomaly. Many of the exemptions from the real estate transfer fee are for conveyances involving family: between parent and child, stepparent and stepchild, and parent to daughter or son-in-law, *see* § 77.25(8), STATS.; between husband and wife, *see* § 77.25(8m); by will, descent or survivorship, *see* § 77.25(11); between a corporation and shareholders if there is a familial relationship, and to a trust if a conveyance from a grantor to a beneficiary would be exempt, *see* § 77.25(16). These exemptions support the conclusion that the legislative intent is to exempt conveyances involving family. However, because exemptions are a matter of legislative grace, *see Fiedler Foods, Inc. v. DOR*, 142 Wis. 2d 722, 728, 419 N.W.2d 311, 314 (Ct. App. 1987), we cannot create an exemption that avoids the two-step process required for an exempt conveyance from a family entity to a family entity.