James E. TURNER and L. Jean Turner, Husband and Wife, d/b/a EPCO Limited Partnership of Wisconsin, Petitioners-Appellants,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Respondent.

Court of Appeals

*No. 03–1517. Submitted on briefs January 8, 2004.—Decided March 3, 2004.*

2004 WI App 82

(Also reported in 679 N.W.2d 880.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Scott V. Lowry* of Waukesha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Mary E. Burke*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.   James E. and L. Jean Turner, d/b/a EPCO Limited Partnership of Wisconsin, seek to avoid paying a real estate transfer fee, interest, and a penalty assessed by the Wisconsin Department of Revenue on a conveyance of property to their newly formed

limited liability partnership. They appeal a circuit court order affirming the decision of the Wisconsin Tax Appeals Commission and requiring the Turners to pay the assessment. The Turners contend that the court erred in refusing to apply the fee exemption available for transfers between husband and wife. We disagree and affirm the order of the circuit court.

## FACTS

¶ 2. The facts are undisputed. James and Jean Turner are husband and wife. They were doing business as the sole partners of EPCO until it ceased operation on December 31, 1997. As of January 1, 1998, the Turners began doing business as the sole partners of EPCO of WI, LLP (EPCO LLP). On January 2, James, as general partner of EPCO, transferred real property from EPCO to EPCO LLP by warranty deed. At the time of the transfer, the deed was stamped "Fee exempt #77.25(15m)." The transfer was for no consideration other than assumption of the debt by EPCO LLP and receipt of an interest in EPCO LLP by the Turners.

¶ 3. On May 22, 2001, the Department of Revenue issued an assessment advising the Turners that the exemption under WIS. STAT. § 77.25(15m) (2001–02)[1] had been improper. The Department assessed a transfer fee of $7500 plus interest through July 1, 2001, of $3116.71, and a penalty of $1875. The Turners rerecorded the warranty deed on May 25, 2001. The new deed named James and Jean as grantees rather than EPCO LLP. On June 1, 2001, the Turners filed a petition for redetermination of the Department's assessment, which the Department denied.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise stated.

¶ 4. The Turners submitted their dispute to the State of Wisconsin Tax Appeals Commission (WTAC). The WTAC determined:

1. The conveyance of real estate on January 2, 1998 from EPCO to EPCO LLP is subject to the Wisconsin real estate transfer fee and is not exempt from that fee under Wis. Stat. § 77.25(15m).

2. The re-recording on May 25, 2001 of the original deed with a different grantee, stating that it was a correction of the original conveyance, did not affect the imposition of the transfer fee on the original conveyance.

¶ 5. The Turners appealed the WTAC's decision to the Waukesha County Circuit Court. The circuit court concluded that the EPCO to EPCO LLP transfer was not a transfer from spouse to spouse, and therefore did not qualify for the Wis. Stat. § 77.25(8m) "husband and wife" transfer fee exemption. The circuit court also concluded that the transfer did not qualify for the § 77.25(15m) exemption for transfers between partnerships and family member partners. The Turners appeal, arguing that § 77.25(8m), the exemption for transactions between spouses, should apply.

## STANDARD OF REVIEW

¶ 6. The Turners define the only appellate issue as the applicability of the husband and wife exemption provided under Wis. Stat. § 77.25(8m) to the EPCO conveyance. On appeal, we review the decision of the agency and not the order of the circuit court. *Schwartz v. Wisconsin Dep't of Revenue*, 2002 WI App 255, ¶ 14, 258 Wis. 2d 112, 653 N.W.2d 150. Our review of the record, specifically the Turners' brief to the WTAC and

the decision of the WTAC, reveals that the husband and wife exemption was not argued below. The Turners' argument to the WTAC contended that § 77.25(15m) exempted the transaction, but contains only three brief references to § 77.25(8m).[2] Interestingly, the Turners appear to concede their appellate issue in their argument to the WTAC. The Turners' WTAC brief states that *if EPCO were not a partnership,* "it would be exempt under 77.25(8m), as the legislature intended to exempt husband/wife transactions." As a result, the WTAC does not consider § 77.25(8m) in its decision and order. We are, therefore, left with the Turners' appellate issue to be reviewed in a vacuum.

¶ 7. This court is not bound by the Turners' characterization of the appellate issue, however. *Cf. State v. Waste Mgmt. of Wis., Inc.,* 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal."). The dispute thus far has turned on the application of the exemption for transfers between partnerships and partners when a familial relationship exists under Wis. Stat. § 77.25(15m).[3] Fur-

----

[2] The Turners' brief contains the following three references to the exemption: "If there is no business for profit involved, than (sic) the favored relationship is somewhat different, consisting of parent and child, stepparent and stepchild, parent and son-in-law, parent and daughter-in-law and husband and wife. [Wis. Stat. §] 77.25(8) & (8m)."; "If it were not a partnership it would be exempt under [§]77.25(8m), as the legislature intended to exempt husband/wife transactions."; and "Nothing herein should be treated as waiving any claim to exemption of the EPCO transaction as a transfer between husband and wife ([§]77.25(8m))."

[3] The Turners first argued the husband and wife exemption, Wis. Stat. § 77.25(8m), in their brief to the circuit court.

thermore, the Turners' appellate brief centers on the characterization of partnership property as individual property, recalling the same theory advanced to the WTAC under § 77.25(15m). We deem this to be the appropriate appellate issue.

■■■

¶ 8.   Three standards of deference govern judicial review of agency conclusions of law and statutory interpretation:   great weight, due weight and de novo. Great weight, the most deferential standard, applies when (1) the agency was charged by the legislature with the duty of administering the statute, (2) the agency's interpretation of the statute is long-standing, (3) the agency employed its expertise or specialized knowledge in forming the interpretation, and (4) the agency's interpretation provides uniformity and consistency in application of the statute. *Wolter v. Wis. Dep't of Revenue*, 231 Wis. 2d 651, 655–56, 605 N.W.2d 283 (Ct. App. 1999). All four great weight deference criteria for judicial review of WTAC decisions are met where the WTAC applied statutes controlling real estate transfer fee exemptions and entity-to-entity transfers:

> First, the WTAC is charged with the duty of administering the tax laws. *See* [WIS. STAT.] § 73.01(4)(a), STATS. Second, the WTAC's interpretation of §§ 77.21, 77.22 and 77.25, STATS., dates back to 1988. Third, the WTAC used its experience and expertise in interpreting the statutes and applying its interpretations to the facts. Finally, the WTAC's interpretation will insure fairness

Though the circuit court applied the same great weight deference to the WTAC decision that this court adopts, the circuit court addressed the merits of the husband and wife exemption. We must assume that this was gratuitous on the part of the circuit court, as no application of § 77.25(8m) exists in the WTAC decision and order.

in the tax laws because it provides for uniformity and consistency in the application of the statutes.

*Wolter*, 231 Wis. 2d at 659. Because the WTAC "has experience in interpreting [this] particular statutory scheme," we conclude that the WTAC's decision regarding the Turners' claim is entitled to great weight deference. *See Honthaners Rests., Inc. v. Labor and Indus. Review Comm'n*, 2000 WI App 273, ¶ 12, 240 Wis. 2d 234, 621 N.W.2d 660. Accordingly, the agency's legal conclusions will be upheld if they are reasonable. *Brown v. Labor and Indus. Review Comm'n*, 2003 WI 142, ¶ 19, 267 Wis. 2d 31, 671 N.W.2d 279.

## DISCUSSION

¶ 9.   A grantor, conveying real estate, must pay a transfer fee unless the conveyance is exempted or excluded. Wis. Stat. § 77.22(1). Transfer fee exemptions are identified in Wis. Stat. § 77.25, and include conveyances between a husband and wife; a partnership and a partner, if all partners share a familial relationship; and, a limited liability company and its members, if all members share a familial relationship. Sec. 77.25(8m), (15m) and (15s).

¶ 10.   The conveyance under review here is between EPCO, grantor, and EPCO LLP, grantee. The Turners argue that a correction deed naming the Turners as grantees was filed; therefore, the conveyance was between EPCO and James and Jean. We are not inclined, however, to nullify the original, valid transfer between EPCO and EPCO LLP. We agree with the WTAC's characterization that:

> The "correction" deed did not, in fact, correct the original warranty deed transfer. Once real estate was

767

conveyed from EPCO to EPCO LLP, the transfer was complete under [Wɪs. Sᴛᴀᴛ.] § 706.02(1). The real estate was now under EPCO LLP. The "correction" deed attempted to transfer the real estate from EPCO to the Turners. This was an attempt to nullify, not correct, the original transfer.

■

¶ 11. Now that we have defined the appellate issue and the underlying conveyance, we can apply the statute to the facts at hand. No transfer fee exemption for partnership-to-partnership conveyances is available under Wɪs. Sᴛᴀᴛ. § 77.25(15m); however, transfers between a partnership and a partner may be exempt if the conveyance is:

> [b]etween a partnership and one or more of its partners if all of the partners are related to each other as spouses, as lineal ascendants, lineal descendants or siblings, whether by blood or by adoption, or as spouses of siblings and if the transfer is for no consideration other than the assumption of debt or an interest in the partnership.

Sec. 77.25(15m). Three requirements must be met for the conveyance to be exempt under this section. First, the conveyance must be between "a partnership and one or more of its partners." *Id.* Second, all of the partners must be related to each other as specified in the statute. *Id.* Finally, the transfer must be "for no consideration other than the assumption of debt or an interest in the partnership." *Id.* The EPCO conveyance fails on the very first prong. EPCO LLC was never an EPCO partner. The Turners contend that partnership property is individual property of the partners under Wɪs.

STAT. § 178.21(2),[4] and therefore "deeds between partners are deeds between individuals, not deeds between entities." They argue that the EPCO conveyance was the equivalent of a conveyance between the Turners as individual family member partners of EPCO. We cannot agree. This court has held that:

> Claimed exemptions from the fee for entity-to-entity transfers—between partnerships, corporations, and LLCs, all of which are comprised solely of family members—have not succeeded, in the absence of specific exemption language.

*Wolter*, 231 Wis. 2d at 658.[5]

██

¶ 12. Here, the WTAC concluded that "there is no family member exemption where the transfer is between partnerships rather than from a partnership to exempted family members." We agree with the WTAC. For the exemption to apply, the partner or partners who are involved in the conveyance must be human beings, not just legal entities. *Cf. F.M. Mgmt. Co. Ltd. P'ship v.*

---

[4] A partner is co-owner with the other partners of specific partnership property holding as a tenant in partnership. WIS. STAT. § 178.21(2).

[5] The WTAC has decided other entity-to-entity transfer cases, for example: *Sunset Meadows v. DOR*, 98–T-129, 1999 WL 149768 (Wis. Tax App. Comm'n Mar. 5, 1999) (transfer from a family partnership to an LLC consisting of the same family members); *Nicolet Invs. v. DOR*, 96–T-943, 1998 WL 557177 (Wis. Tax App. Comm'n Sept. 1, 1998) (transfer from one family partnership to a second family partnership consisting of the same family members); *Heritage Place Ltd. Partnership v. DOR*, 92–T-400, 1995 WL 590145 (Wis. Tax App. Comm'n Oct. 5, 1995) (transfer from limited partnership to general partnership consisting of the same family members). *Wolter v. Wisconsin Dep't of Revenue*, 231 Wis. 2d 651, 658, 605 N.W.2d 283 (Ct. App. 1999).

*Wis. Dep't of Revenue*, 2004 WI App 19, ¶ 10, 269 Wis. 2d 526, 674 N.W.2d 922, *review denied*, 2004 WI 50, 271 Wis. 2d 112, 679 N.W.2d 547. ("The Commission upheld the Department's view that [Wis. Stat. § 77.25(15s)] applied only if the member of the limited liability company is a human. This was a reasonable conclusion."). Although the law does not limit the term "person" to human beings, we cannot conclude that "anything in either law or human experience . . . equates 'spouses,' 'linear ascendants,' 'lineal descendants,' or 'siblings,' with non-human entities or that declares that non-human entities can be related to one another by either 'blood' or 'adoption.' " *Id.* ¶ 12 n.2. Such an interpretation of the legislature's intent would be unreasonable. We will reject an interpretation that leads to an absurd or unreasonable result. *State v. Jennings*, 2003 WI 10, ¶ 11, 259 Wis. 2d 523, 657 N.W.2d 393.

¶ 13.   Accordingly, we agree with the WTAC that the conveyance "was between nonexempt partnerships, not between individual members of the partnerships." This is a reasonable interpretation of Wis. Stat. § 77.25(15m), and the Department properly disallowed the transfer fee exemption.

## CONCLUSION

¶ 14.   The Turners' attempt to invoke the husband and wife exemption under Wis. Stat. § 77.25(8m) fails because it was not raised before the WTAC. The transfer fee exemption available for conveyances between partnerships and family member partners is inapplicable because the conveyance was partnership-to-partnership rather than partnership-to-partner.

*By the Court.*—Order affirmed.